E-filing

*FILED*

2010 JUL 21 P 3:51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA. S.F.



ORIGINAL

BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Theo Giovanni Arbucci (State Bar No. 249811)
jarbucci@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
BERNARD PARRISH et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD PARRISH, BOB GRANT, ROY
LEE JEFFERSON, WALTER BEACH, DR.
CLINTON JONES, WALTER ROBERTS,
III, CLIFTON MCNEIL, MARVIN COBB,
JOHN BRODIE, CHUCK BEDNARIK, AND
PAUL HORNUNG on behalf of himself and
all others similarly situated

Plaintiff,

vs.

MANATT, PHELPS & PHILLIPS, LLP, and
MCKOOL SMITH, PC,

Defendants.

CASE NO. C V 10 3200

COMPLAINT FOR DAMAGES FOR:
1) LEGAL MALPRACTICE; AND
2) BREACH OF FIDUCIARY DUTY

(DEMAND FOR JURY TRIAL)

Bernard Parrish ("Parrish"), Bob Grant ("Grant"), Roy Lee Jefferson ("Jefferson"),
Walter Beach ("Beach"), Dr. Clinton Jones ("Jones"), Walter Roberts, III ("Roberts"),
Clifton McNeil ("McNeil"), Marvin Cobb ("Cobb"), John Brodie ("Brodie"), Chuck
Bednarik ("Bednarik") and Paul Hornung ("Hornung") (sometimes collectively referred
to as "class representatives" or "plaintiffs") by and through their undersigned attorneys,
bring this complaint on behalf of themselves and others similarly situated retired NFL
players against Manatt, Phelps & Phillips, LLP, and McKool Smith, P.C. (sometimes
collectively referred to as "defendants"), as follows:

COMPLAINT

I.

## INTRODUCTION

This is a class action lawsuit brought by plaintiffs on behalf of themselves and two classes of retired National Football League ("NFL") players against the above-named defendants. The first class, represented by Jefferson, Parrish, Bednarik, Hornung, Brodie, McNeil and Beach consists of all retired NFL players who were party to the underlying action listed below and participated in the settlement of that action ("Participating Class"). The second class, represented by Cobb, Grant, Jones and Roberts, consists of all those retired NFL Players who met the definition of the class in the underlying lawsuit but for reasons unknown were excluded (the "Excluded Class") (sometimes collectively referred to as the "Classes"). The class representatives allege on behalf of the classes that defendants' performance as their lawyers in the underlying action of *Adderly v. National Football League Players Association,* fell below the standard of care and constitutes legal malpractice. The Classes also continue to allege that defendants breached the fiduciary duty owed to them by virtue of the attorney-client relationship.

II.

## PARTIES

1.    Plaintiff Bernard Parrish is an individual who is a resident and citizen of Florida.

2.    Plaintiff Bob Grant is an individual who is a resident and citizen of California.

3.    Plaintiff Roy Lee Jefferson is an individual who is a resident and citizen of Virginia.

4.    Plaintiff Walter Beach is an individual who is a resident and citizen of Pennsylvania.

5.    Plaintiff Dr. Clinton Jones is an individual who is a resident and citizen of California.

COMPLAINT                                    - 2 -

1    6.    Plaintiff Walter Roberts, III, is an individual who is a resident and citizen of
2  California.

3    7.    Plaintiff Clifton McNeil is an individual who is a resident and citizen of
4  Alabama.

5    8.    Plaintiff Marvin Cobb is an individual who is a resident and citizen of
6  California.

7    9.    Plaintiff John Brodie is an individual who is a resident and citizen of
8  California.

9    10.    Plaintiff Chuck Bednarik is an individual who is a resident and citizen of
10  Pennsylvania.

11    11.    Plaintiff Paul Hornung is an individual who is a resident and citizen of
12  Kentucky.

13    12.    Defendant MANATT, PHELPS & PHILLIPS, LLP ("Manatt") is a Limited
14  Liability Partnership headquartered in Los Angeles, California, with law offices
15  throughout the United States.

16    13.    Defendant MCKOOL SMITH, PC ("McKool") is a Professional Corporation
17  based in Dallas, Texas, with offices in Dallas, Austin, Houston, Marshall, Washington,
18  D.C., and New York.

19                                      III.

20                        **JURISDICTION AND VENUE**

21    14.    The district courts of the United States have jurisdiction over this action
22  because the facts underlying the present malpractice claim and the underlying breach
23  of contract and breach of fiduciary duty claims substantially overlap and create a
24  common nucleus of operative fact under 28 U.S.C. § 1367. Accordingly, this case is
25  properly before this Court under the doctrine of ancillary jurisdiction. Achtman v. Kirby,
26  McIerney & Squire, LLP, 464 F.3d 328 (2d Cir. 2006).

27    15.    Pursuant to paragraphs 29(f) and 57 of the Settlement and Release
28  Agreement, this Court retained jurisdiction over the underlying case for purposes that

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

COMPLAINT                              - 3 -

1  may include the disposition of the claims stated herein.

2      16.    Defendants transact business and provide legal services in this District.
3  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a
4  substantial part of the events or omissions giving rise to the claims occurred in this
5  District.

6                                    **IV.**

7              **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

8      17.    In 2007, Parrish retained defendants Manatt and McKool to represent
9  himself and a class of similarly situated retired National Football League ("NFL") players
10  in a class action lawsuit alleging breach of contract and breach of fiduciary duty against
11  the National Football League Players Association ("NFLPA") and National Football
12  League Players Incorporated d/b/a Players, Inc. ("Players, Inc."). In that regard, there
13  was both a retainer agreement with Manatt and a "co-counsel agreement" between
14  Manatt, McKool and Parrish. Parrish was originally a class representative in the
15  underlying action that gives rise to this complaint. Although it was later ruled that Mr.
16  Parrish was an inadequate representative, he, nonetheless, remained a member of the
17  class which has been damaged as a result of the defendants' conduct. Accordingly, at
18  all relevant times hereto, defendants and each of them, owed the class representatives
19  and the class members the highest degree of loyalty and professional responsibility.

20      18.    Parrish and Herbert Adderly instituted the underlying action, *Parrish v.*
21  *National Football League Players Association and National Football League Players*
22  *Incorporated d/b/a Players Inc.,* in the United States District Court for the Northern
23  District of California. That case was brought on behalf of all retired NFL players who
24  signed standardized group licensing agreements, or GLAs, with the NFLPA that acts as
25  the labor union for players in the NFL. In the Order Granting in Part and Denying in
26  Part Plaintiffs' Motion for Class Certification, the Court characterized these GLAs as a
27  "masterpiece of obfuscation. . .rais[ing] more questions that it answers." The Court
28  identified multiple vague terms in the agreement, including: (1) confusion regarding the

COMPLAINT                                    - 4 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  "escrow account" mentioned in the GLA; (2) how the retired player's payments were to
2  be determined; (3) when licensing distributions were actually made; and (4) which
3  retired players were entitled to distribution. The court further found that many retired
4  players signed the GLAs, but very few had received anything.

5  19.    Plaintiffs alleged that the NFLPA breached a fiduciary duty to pursue
6  licensing opportunities on behalf of the retired players, concentrating its efforts instead
7  on current players. Two law firms were appointed as class counsel: Defendant Manatt
8  Phelps & Phillips, LLP; and Defendant McKool Smith, PC. A jury trial in October 2008
9  culminated in a $28.1 million verdict in favor of the class for breach of fiduciary duty,
10 $7.1 million in compensatory damages and $21 million in punitive damages. After the
11 verdict was entered, the defense moved for judgment in their favor with various posttrial
12 motions. Those motions were denied. The court held that the defendants undertook a
13 fiduciary duty to promote and to market all retired players who had signed GLAs – yet
14 made no effort to do so – and that the defendants' true commercial motive was to
15 create an "illusion of representation" so that no one else would seek to sign up the class
16 members and market them. The jury also found a breach of contract but awarded zero
17 damages on that claim. The defendants appealed and the case settled before decision
18 for $26,250,000. Although the settlement was finally approved,[1] numerous objections
19 (53) were filed, mostly complaining about class counsel. Although a number of those
20 objections were filed by non-class members, the sheer number of objections indicates a
21 displeasure with the settlement.

22 20.    A number of class members, including Parrish and the class
23 representative Mr. Adderly, communicated displeasure with the settlement. Mr. Adderly
24 stated in an e-mail that he did not know why the lawyers accepted the drastic release of
25 the claims originally appearing in the settlement document which the court properly
26 decided to reject. Counsel Mr. Katz appeared to be disinterested in listening to

27

28     [1]    A court-approved settlement does not preclude a malpractice claim.
Durkin v. Shea & Gould, 92 F.3d 1510 (9th Cir. 1996).

COMPLAINT                                    - 5 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  objectors to the settlement as documents show that in light of a court order requiring
2  plaintiff's counsel to meet and confer with Mr. Parrish to discuss his objections, Mr. Katz
3  indicated that he would not meet and confer, but would listen to Mr. Parrish politely on
4  the phone, then tell him he has no more than the same right as any other citizen to
5  comment on the settlement, and hang up.

6  21. Although the District Court was reluctant to voice "criticisms" of
7  defendants' performance, it did so because of defendants' "overreaching" in their
8  attempt to obtain attorneys' fees and costs of suit. As set forth more fully below, the
9  District Court set forth two major deficiencies in defendants' performance that
10 substantially reduced the size of the verdict awarded by the jury and consequently had
11 a negative impact on the final value of the settlement. The Excluded Class further
12 alleges that defendants' conduct fell below the standard of care by arbitrarily excluding
13 them from participation in the underlying action, therefore depriving them of the
14 recovery to which they were otherwise entitled.

15 22. The first of the deficiencies identified by the District Court was defendants'
16 failure to lay the proper foundation for critical evidence. A key fact issue in the
17 underlying matter was whether there was any demand to license group rights of retired
18 players. Third-party discovery revealed an e-mail chain that should have led to
19 powerful and admissible evidence in favor of the classes in the underlying lawsuit.
20 Defendants should have pursued this with vigor. Instead, they simply hoped the entire
21 e-mail chain – expressly labeled as "critical" even by defendants – would somehow
22 come into evidence. However, being obvious hearsay, it did not. The details are as
23 follows.

24 23. Electronic Arts, Inc., ("EA") was the NFLPA's/Players Inc.'s single most
25 important licensee. Mainly, it wanted to use images and identities of active players. EA
26 dealt with the NFLPA with respect to its series of Madden NFL video games. As to
27 retired players, defendants demonstrated at trial that EA's Madden NFL games had a
28 feature that allowed users to play with "vintage teams." EA, however, had "scrambled"

COMPLAINT                                    - 6 -

1 the true names of the former players on these teams – many of whom were members

2 of the Classes – by using made-up names or no names at all. This is the extent of what

3 was entered into evidence at trial.

4     24.     What did not get into evidence was the most critical part of the

5 controversial e-mail chain produced by EA. All of the critical entries on the e-mail were

6 written by an officer of EA, Jeremy Strauser ("Strauser"). The e-mail chain began with

7 Strauser at EA asking LaShun Lawson ("Lawson") at Players, Inc. (defendant in the

8 underlying action) whether they would object to the display of retired players' statistical

9 records in EA's Madden NFL football game:

10         I know that Players Inc. doesn't want us to include any
        retired players "in the game" – but in this case given that it is
11         factual, real [world] information that is readily available, our
        hope is that you would agree with us that this particular
12         feature is made much stronger by including text display of
        the record data.

13 In the subsequent reply, there was no direct response on this issue from Lawson. Her

14 only response was to request that Strauser "call" her because "this is a little gray as it

15 relates to rights."

16     25.     Significantly, therefore, there was no admission from Lawson that

17 Strauser had accurately stated Players, Inc.'s position regarding the use of retired

18 players. This part of the e-mail chain was allowed in during defendants' examination of

19 EA officer Joel Linzner regarding whether EA, as a company, understood the position of

20 Players, Inc., to be that no retired players were to be used in EA games.

21     26.     Later in the chain, in a message sent internally to other EA employees,

22 Strauser characterized defendants' response to EA's request:

23         They said "no" to this despite my attempts to convince them
24         otherwise. They have taken a hard line on no retired player
        in the game in any form.

25     27.     At the final pretrial conference the District Court requested supplemental

26 briefing on the extent to which Strauser's internal EA e-mail statements were

27 admissible. Defendants promised to provide a brief because the admissibility of this

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 document was "critical." Following submission of the briefs, the District Court found that
2 the proper foundation had not been laid for admitting the Strauser portions of the e-mail
3 into evidence. The only portions of the e-mail that were admissible were those
4 admissions that came from Ms. Lawson of the NFLPA, a defendant in the underlying
5 action. However, those passages proved nothing. The critical passages were all
6 written by non-party Mr. Strauser of EA. These passages purported to put what the
7 District Court characterized as "important words" in the NFLPA's mouth.

8    28.    Given that defendants represented the e-mail chain as "critical" to the
9 case, it was clear that they should have called Mr. Strauser as a witness either live at
10 trial or by deposition to develop the proper foundation to admit the e-mail.

11    29.    Another option conceivably available to defendants was to call a qualified
12 EA employee to establish, if true, that it was a regular practice within the company to
13 send e-mails to coworkers summarizing conversations with outside parties, among
14 other requirements, thus laying the foundation for the e-mail chain to be admitted under
15 the business records exception to the hearsay rule. Although defendants did call an EA
16 officer as a trial witness, and questioned him on the "critical" document, they made no
17 attempt to establish the business records exception.

18    30.    As the District Court noted, defendants should not have gambled on
19 somehow getting the critical statements of Mr. Strauser into evidence. There was no
20 good reason for this failure. Because the evidence went directly to the only theory on
21 which the jury awarded damages (breach of fiduciary duty), this evidence would likely,
22 according to the trial judge and common sense, have enlarged the award.

23    31.    The second of the deficiencies in defendants' performance was their
24 failure to present a plausible damages theory on plaintiffs' claim for breach of fiduciary
25 duty. Defendants wholly failed to present a damages assessment at trial keyed to
26 breach of fiduciary duty, the only damage theory presented at trial related to breach of
27 contract.

28    32.    Two claims were certified in the underlying class action and presented to

COMPLAINT                                     - 8 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 the jury at trial: (1) breach of contract; and (2) breach of fiduciary duty. The jury found
2 for plaintiffs on both claims but awarded damages only as to breach of fiduciary duty.
3 For both claims defendants only presented one damage theory, which was based
4 entirely upon the claim that the retired players were entitled to share equally with active
5 players in a gross licensing revenue pool. This was an overreaching theory that the jury
6 sensibly rejected, as it would allow retired players, implausibly, to get as much as active
7 players.

8      33.     Defendants presented no alternative theory of damages based on the
9 breach of fiduciary duty alone. Nor did defendants present any alternative damages
10 theory tailored to plaintiffs' claim in the underlying action for breach of fiduciary duty to
11 market the images and identities of class members, or how much a group license would
12 be worth in the market had a sports agent attempted to market the group rights.
13 Defendants' damages expert admitted to this failure at trial. Indeed, the Court itself
14 observed that the lack of any alternative damage theory left the jury very little to work
15 with for purposes of calculating a damages award based solely on the claim for breach
16 of fiduciary duty.

17      34.     There was strong evidence supporting the breach of fiduciary duty claim.
18 Indeed, the jury found that defendants had a fiduciary duty to market the group rights of
19 class members, and the evidence showed defendants did nothing to meet that duty.
20 However, defendants presented no coherent evidence or expert testimony to the jury
21 regarding what the actual value of the retired players' group rights would have been had
22 they actually been marketed, thus leaving the jury to construct its own number.
23 Ordinarily, counsel would have presented an assessment of how much a group license
24 (for retired players) would have fetched in the market had a sports agent gone to the
25 market and tried faithfully to market the group rights. For reasons unknown, defendants
26 presented no evidence, expert or otherwise, on this issue. The District Court noted in
27 the underlying action that this omission resulted in a damages award "diminutive in
28 comparison to the massive amounts that licensees of [the NFLPA] paid for active player

COMPLAINT            - 9 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  group rights, illustrating the jury's rejection of [defendants'] 'luxurious' damages theory."
2  The District Court went on to find that "a common sense damages theory based on
3  defendants' failure to market retired players' group rights had a negative effect on the
4  class' final recovery." The failure to present such a theory "prejudiced the recovery."

**V.**

**CLASS ACTION ALLEGATIONS**

7  35.  Plaintiffs bring this class action, on behalf of themselves and all others
8  similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This
9  action is maintainable as a class action pursuant to Rule 23(a), (b) and (d).

**A.  The Participating Class**

11  36.  Plaintiffs Jefferson, Parrish, Bednarik, Hornung, Brodie, McNeil, and
12  Beach bring claims of legal malpractice and breach of fiduciary duty, on behalf of a
13  nationwide class seeking damages (the "Participating Class").

14  37.  The Participating Class is defined as all those retired NFL players who
15  were members of the Certified Class in the underlying action, which was defined as
16  "[a]ll retired NFL players who signed [Group Licensing Agreements] with the NFLPA
17  that were in effect between February 14, 2003, and February 12, 2007 and which
18  contain the following language: '[T]he moneys generated by such licensing of retired
19  player group rights will be divided between the player and an escrow account for all
20  eligible NFLPA members who have signed a group licensing authorization form'" and
21  who participated in the settlement and were not awarded the rightful recovery due to
22  defendants' mistakes, errors and omissions.

**B.  The Excluded Class**

24  38.  Plaintiffs Jones, Roberts, Cobb and Grant represent a class of retired NFL
25  players who were not included in the underlying settlement (the "Excluded Class").

26  39.  The Excluded Class is defined as all those retired NFL players who met
27  the definition of the Certified Class in the underlying action but for reasons unknown
28  were excluded from participation in the underlying lawsuit and settlement.

COMPLAINT  - 10 -

1   40.   The size of the classes and identities of their individual members are
2   ascertainable through the defendants' records and the records of the NFLPA.

3   41.   Members of these Classes may be notified of the pendency of this action
4   by techniques and forms commonly used in class actions, such as by published notice,
5   e-mail notice, website notice, first-class mail, or combinations thereof, or by other
6   methods suitable to these classes and deemed necessary and/or appropriate by the
7   Court.

8   42.   There is a well-defined community of interest and common questions of
9   law and fact affecting the members of the Participating Class as required by Rule
10  23(a)(2).  The questions of law and fact common to the Participating Class predominate
11  over any questions affecting only individual members and include, but are not limited to,
12  the following:

13         a)   whether defendants' failure to admit critical evidence in the
14  underlying action fell below the standard of care and constituted legal malpractice and
15  breach of fiduciary duty resulting in damage to Parrish and the members of the
16  Participating Class;

17         b)   whether defendants' failure to present a plausible damages theory
18  for plaintiffs' claims for breach of fiduciary duty fell below the standard of care and
19  constituted legal malpractice and/or breach of fiduciary duty resulting in damage to
20  Parrish and the Participating Class; and

21         c)   whether Parrish and the Participating Class are entitled to
22  damages, punitive damages, costs and attorneys' fees as a result of the unlawful
23  conduct of defendants.

24  43.   There is a well-defined community of interest and common questions of
25  law and fact affecting the members of the Excluded Class as required by Rule 23(a)(2).
26  The questions of law and fact common to the Excluded Class predominate over any
27  questions affecting individual members and include, but are not limited to, the following:

28         a)   whether defendants' conduct in failing to include members of the

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

COMPLAINT                              - 11 -

1  Excluded Class in the underlying lawsuit and recovery fell below the standard of care

2  and constitutes legal malpractice;

3          b)  whether the acts and omissions of defendants described above

4  would entitle the Excluded Class to damages for legal malpractice;

5          c)  whether defendants owed members of the Excluded Class a

6  fiduciary duty;

7          d)  if so, whether that fiduciary duty was breached as a result of the

8  acts and omissions described above; and

9          e)  whether the class representatives and the Excluded Class are

10  entitled to damages, punitive damages, costs and attorneys' fees as a result of the

11  unlawful conduct of defendants.

12  **VI.**

13  **CLAIMS FOR RELIEF**

14  **FIRST CAUSE OF ACTION**

15  **(Legal Malpractice – Professional Negligence (Participating Class and Excluded**

16  **Class))**

17  **(Against All Defendants)**

18      44.  Plaintiffs hereby incorporate by reference the allegations in paragraphs 1-

19  43 as though fully set forth herein.

20      45.  Defendants, and each of them, were obligated to exercise and act with

21  reasonable care, skill, diligence and fidelity to the class representatives and the

22  classes.

23      46.  Defendants owed these clients the full complement of duties that should

24  be performed by every attorney.  These duties include, but are not limited to, zealous

25  representation, due care, competency, loyalty, full and accurate communication and the

26  observance of, and compliance with, applicable legal standards.

27      47.  Defendants, and each of them, breached the duties owed to both classes

28  by failing to exercise reasonable care and skill in performing their legal services, by,

COMPLAINT  - 12 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 among other things, committing the following wrongful acts or omissions:

2     (a)    Failing to lay the proper foundation for "critical" evidence, resulting in its
3 exclusion, therefore dramatically lessening the classes' recovery in the underlying
4 action; and

5     (b)    Failing to present a plausible damages theory on the plaintiffs' claim for
6 breach of fiduciary duty, therefore dramatically lessening the classes' recovery in the
7 underlying action.

8     48.    The conduct alleged herein concerning the legal services provided by
9 defendants fell below the applicable standard of care and, as such, defendants
10 breached their duties owed to the class representatives and the classes.

11     49.    The class representatives and the classes reasonably relied upon the
12 advice, guidance and legal representations of defendants in connection with the
13 underlying litigation and depended upon defendants to fully protect their interests in
14 connection therewith.

15     50.    Defendants' breaches of these duties, and resulting professional
16 negligence, proximately caused significant harm and loss to plaintiffs.

17     51.    But for defendants' failure to exercise reasonable care, plaintiffs would
18 have recovered a significantly larger sum of damages in the underlying action.

19     52.    As a direct and proximate result of defendants' failure to exercise the
20 care, skill, prudence and diligence normally exercised by competent lawyers, plaintiffs
21 have suffered actual damages in an amount to be proven at trial, plus attorneys' fees
22 and costs.

23 **SECOND CAUSE OF ACTION**

24 **(Legal Malpractice – Professional Negligence (Excluded Class))**

25 **(Against All Defendants)**

26     53.    Plaintiffs hereby incorporate by reference the allegations in paragraphs 1-
27 52 as though fully set forth herein.

28     54.    Defendants, and each of them, were obligated to exercise and act with the

COMPLAINT                 - 13 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 | reasonable care, skill, diligence and fidelity to Jones, Grant and the Excluded Class.

2 |     55.    Defendants owed these clients the full complement of duties owed by
3 | every attorney. These duties include, but are not limited to, zealous representation,
4 | due care, competency, loyalty, full and accurate communication and the observance of,
5 | and compliance with, applicable legal standards.

6 |     56.    Defendants, and each of them, breached the duties owed to the Excluded
7 | Class by failing to exercise reasonable care and skill in performing their legal services,
8 | by, among other things, committing the following wrongful act or omission:

9 |     (a)    Excluding these class members from participation in the underlying action
10 | therefore depriving all members of the Excluded Class from recovery to which they
11 | were otherwise entitled.

12 |     57.    The conduct alleged herein concerning the legal services provided by
13 | defendants fell below the applicable standard of care and, as such, defendants
14 | breached their duties owed to Jones, Grant, Roberts and Cobb and the Excluded
15 | Class.

16 |     58.    Had they not been wrongfully excluded, Jones, Grant, Roberts and Cobb
17 | and the Excluded Class would have reasonably relied upon the advice, guidance and
18 | legal representations of defendants in connection with the underlying litigation and
19 | depended upon defendants to fully protect their interests in connection therewith.

20 |     59.    Defendants' breaches of these duties, and resulting professional
21 | negligence, proximately caused significant harm and loss to plaintiffs.

22 |     60.    But for defendants' failure to exercise reasonable care, plaintiffs would
23 | have been included in the underlying action and recovered damages to which they were
24 | entitled.

25 |     61.    As a direct and proximate result of defendants' failure to exercise the
26 | care, skill, prudence and diligence normally exercised by competent lawyers, plaintiffs
27 | have suffered actual damages in an amount to be proven at trial, plus attorneys' fees
28 | and costs.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1

## THIRD CAUSE OF ACTION

2

### (Breach of Fiduciary Duty (Participating Class and Excluded Class))

3

### (Against All Defendants)

4      62.    Plaintiffs hereby incorporate by reference the allegations in paragraphs 1-

5  61 as though fully set forth herein.

6      63.    In providing legal services to and representing the class representatives

7  and the classes, defendants owed to them the obligations owing in a fiduciary

8  relationship founded upon the trust and confidence of the attorney-client relationship,

9  namely, undivided loyalty, zealous representation, independent judgment, and full and

10  honest disclosure. Defendants had a duty to act honestly and professionally consistent

11  with the standards of legal ethics that apply to attorneys. The relationship between

12  attorney and client is highly fiduciary and demands the utmost good faith and fidelity on

13  the part of the attorney.

14      64.    Defendants failed to act competently and to conform diligently to the

15  fiduciary obligations it owed to the class representatives and the classes. The acts

16  and/or omissions of defendants are described herein. Defendants breached their

17  fiduciary duties owed to the class representatives and the classes which arose by virtue

18  of the attorney-client relationship that existed between them.

19      65.    Defendants' breaches of their fiduciary duties owing to the class

20  representatives and the classes proximately caused significant harm and loss to

21  plaintiffs.

22      66.    As a direct and proximate result of the foregoing breaches, the class

23  representatives and the classes have suffered actual damages in an amount to be

24  proven at trial, plus attorneys' fees and costs.

25

### PRAYER FOR RELIEF

26      WHEREFORE, plaintiffs, on behalf of themselves and all others similarly

27  situated, pray as follows:

28      a.    That the Court determines that this action may be maintained as a class

COMPLAINT              - 15 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  action under Rule 23 of the Federal Rules of Civil Procedure, and that Maxwell M.

2  Blecher be appointed as lead class counsel.

3    b.    That plaintiffs and each and every member of the two Classes recover (i)

4  damages determined to have been sustained by each of them, including punitive

5  damages, (ii) that joint and several judgments in favor of plaintiffs and each and every

6  member of the two Classes, respectively, be entered against defendants.

7    c.    That plaintiffs and other members of the two classes recover their costs of

8  suit, including reasonable attorneys' fees, as provided by law.

9

10 Dated: July 20, 2010

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
THEO GIOVANNI ARBUCCI

By: _____
MAXWELL M. BLECHER
Attorneys for Plaintiff