IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PARRISH, BOB GRANT, ROY LEE JEFFERSON, WALTER BEACH, DR. CLINTON JONES, WALTER ROBERTS, III, CLIFTON MCNEIL, MARVIN COBB, JOHN BRODIE, CHUCK BEDNARIK, AND PAUL HORNUNG on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANATT, PHELPS & PHILLIPS, LLP, and MCKOOL SMITH, PC,<br><br>Defendants. | No. C 10-03200 WHA<br><br>**ORDER DENYING MOTION TO REDUCE TAXED COSTS AND VACATING HEARING** |

**INTRODUCTION**

In this putative class action for legal malpractice and breach of fiduciary duty arising out of a previous litigated-to-verdict class action, former class counsel prevailed. Following taxation of defendants' costs by the clerk, plaintiffs move for judicial review and reduction of the taxed costs. For the reasons set forth below, the motion is **DENIED**.

**STATEMENT**

Plaintiffs filed this action in July 2010, alleging that defendants committed malpractice and breached their fiduciary duty as class counsel in a previous action before the undersigned judge, *Adderley v. Nat'l Football League Players Ass'n*, No. 07-CV-00943 WHA.

In December 2010, a dispositive motion to dismiss was granted, and judgment was entered in favor of defendants. Having prevailed in the action, defendants filed a bill of costs and supporting documentation less than two weeks later (Dkt. Nos. 82–84). The clerk taxed defendants' costs in March 2011. The clerk's amended bill of taxed costs, which was filed the day after the clerk's original bill of taxed costs, is the operative taxing document (Dkt. No. 91). Defendants requested a total of $27,105.83 in costs, but the clerk ultimately taxed only the reduced sum of $26,672.28. Plaintiffs challenge all of the taxed costs except the $5.00 docket fee and the $2,657.49 cost of Bates-stamping documents for production (Br. 4). Plaintiffs' motion for judicial review and reduction of the clerk's taxation of costs has been fully briefed.

## ANALYSIS

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FRCP 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The following categories of costs may be taxed:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. 1920. Taxation of costs is limited to these enumerated categories. The Civil Local Rules provide further guidance regarding the taxable costs in each category. Civ. Loc. R. 54-3. Plaintiffs challenge three categories of taxed costs: (1) reproduction of chambers copies; (2) delivery of chambers copies; and (3) other document reproduction expenses.

2

### 1.   CHAMBERS COPY REPRODUCTION AND DELIVERY EXPENSES.

Defendants requested $106.05 in costs "for reproduction of Chambers copies for the Court" (Dkt. No. 84-1 at 1). Plaintiffs "specifically object" to this line item because it "is specifically excluded by Civil L. R. 54-3(d)(3)" (Br. 4). Similarly, defendants requested a total of $327.50 in costs for "delivery" of chambers copies (Dkt. No. 84-1 at 1–2), and plaintiffs object to this category of costs as "not recoverable costs pursuant to the Local Rules or 28 U.S.C. §1920" (Br. 4).[1]

Regarding these two categories of costs, the clerk *agreed* with plaintiffs. In taxing defendants' costs, the clerk made a "reduction of $433.55 pursuant to LR 54-3(d)(3)" (Dkt. No. 91 at 1). This reduction corresponds to defendants' claimed costs for the reproduction and delivery of chambers copies ($106.05 and $327.50, respectively). Defendants set forth this interpretation of the $433.55 reduction in their opposition brief, and plaintiffs did not address it in their reply brief.

None of defendants' costs for reproduction or delivery of chambers copies was taxed to plaintiffs. Accordingly, plaintiffs' motion for judicial review of taxed costs is **DENIED AS MOOT** as to those two categories of costs.

### 2.   OTHER DOCUMENT REPRODUCTION EXPENSES.

Defendants requested a total of $22,667.28 in costs for reproduction, scanning, and conversion of other documents besides chambers copies. This sum was derived from four separate invoices from electronic discovery vendors (Dkt. No. 84-1.) Plaintiffs object to all of the costs in this category except for those derived from the latest invoice, dated December 6, 2010 (Br. 3). The December 6 invoice relates to "Bates stamping and conversion of documents" that were produced in discovery. The other three invoices relate to reproduction, scanning, and imaging of client documents "for review and *potential* production" or "for initial production pursuant to Federal Rule of Civil Procedure 26" (Dkt. No. 84-1) (emphasis added). All of the reproduction costs defendants claim from the three challenged invoices are properly recoverable.

---

[1] Plaintiffs erroneously compute the total of claimed delivery costs as $360.50 rather than $327.50.

3

Costs may be taxed for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. 1920(4). More specifically, a prevailing party may recover the "cost of reproducing disclosure or formal discovery documents when used *for any purpose in the case*." Civ. Loc. R. 54-3(d)(2) (emphasis added). During the five months before defendants' motion to dismiss was granted, the parties were obliged to commence the investigation and discovery phases of litigation. The tasks of collecting client documents, reviewing those documents, and determining which documents are relevant are essential — and often costly — parts of investigation and discovery. In this action, plaintiffs propounded document requests and sent subpoenas to defense counsel, pressuring defendants to get cracking on their document production (Hughes Decl. ¶ 3). The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action. As such, they are properly taxable.

Plaintiffs argue that these reproduction costs "are specifically excluded by Civil L. R. 54-3(d)(2) and 54-3(d)(3)" (Br. 3). Rule 54-3(d)(2) states: "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." This rule does not make *any* exclusion. On the contrary, it allows recovery of a broad category of reproduction costs, and this order finds that the challenged reproduction costs fall squarely within Rule 54-3(d)(2). Rule 54-3(d)(3) states: "The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." The challenged reproduction costs relate to *client documents* that would be collected, reviewed, and produced as possible *evidence*. The challenged reproduction costs do *not* relate to "motions, pleadings, notices, and other routine case papers." As such, they do not fall within the category of reproduction costs excluded by Rule 54-3(d)(3).

Plaintiffs further argue that the challenged reproduction costs were "not necessary" because the copies were made "for the mere convenience of the attorneys." (Br. 2–3). To support this argument, plaintiffs emphasize that defendants opposed certain document requests and "took the position that a majority of the documents Plaintiffs sought would not be produced without a

4

protective order in place," such that defendants never produced the client documents whose reproduction costs they now claim. Document production takes time. The non-expert discovery cut-off date was to be in October 2011, so the fact that defendants had not yet made a full document production by the time the action was halted in December 2010 is hardly shocking (Dkt. No. 55 at 1). Relatedly, the fact that defendants had not yet produced all the client documents they had begun to collect and review does not show that those client documents were reproduced only for attorney convenience. On the contrary, it suggests that defendants were warming up their electronic discovery engine so that timely document productions could be made. Plaintiffs object to the taxation of reproduction costs incurred "in *anticipation* or contemplation of production," but they cite no controlling authority for the proposition that reproduction costs are recoverable only for documents that "were *actually* produced" (Reply Br. 1–3). Plaintiffs' motion for judicial review and reduction of the taxed costs is **DENIED** as to the challenged costs of reproducing client documents.

## CONCLUSION

Plaintiffs' motion for judicial review and reduction of the clerk's taxation of costs is **DENIED**. The hearing set for April 14, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE