BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 mblecher@blechercollins.com
Howard K. Alperin (State Bar No. 158809)
 halperin@blechercollins.com
Theo Giovanni Arbucci (State Bar No. 249811)
 jarbucci@blechercollins.com
Alyson C. Decker (State Bar No. 252384)
 adecker@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California  90071-3334
Telephone:  (213) 622-4222
Facsimile:  (213) 622-1656

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PARRISH, BOB GRANT, ROY LEE JEFFERSON, WALTER BEACH, DR. CLINTON JONES, WALTER ROBERTS, III, CLIFTON MCNEIL, MARVIN COBB, JOHN BRODIE, CHUCK BEDNARIK, AND PAUL HORNUNG on behalf of themselves and all others similarly situated<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>MANATT, PHELPS & PHILLIPS, LLP, and MCKOOL SMITH, PC<br><br>　　　　Defendants. | CASE NO. 3:10-CV-03200-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION CONDITIONALLY CERTIFYING CLASS, PRELIMINARILY APPROVING SETTLEMENT, AND PROVIDING FOR NOTICE TO CLASS**<br><br>Date:　　January 31, 2013<br>Time:　　8:00 A.M.<br>Place:　　Courtroom 9,<br>　　　　　Hon. William H. Alsup<br><br>[Filed concurrently with Declaration of Maxwell M. Blecher in Support of Motion Conditionally Certifying Class, Preliminarily Approving Settlement, and Providing For Notice; and [Proposed] Order.] |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.     INTRODUCTION ................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND .................................. 2

III.   THE PUTATIVE CLASS SHOULD BE CONDITIONALLY CERTIFIED
FOR SETTLEMENT PURPOSES ONLY ...................................................... 3

    A.    The Rule 23(a) Criteria

        1.    Numerosity ................................................................. 5

        2.    Commonality ............................................................... 5

        3.    Typicality .................................................................. 6

        4.    Adequate Representation ............................................... 6

    B.    The Rule 23(b)(3) Criteria ................................................. 7

        1.    Predominance .............................................................. 8

        2.    Superiority ................................................................. 8

IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND
ADEQUATE ................................................................................... 9

    A.    The Complexity, Expense and Likely Duration of the Litigation ...... 10

    B.    The Reaction of the Class to the Settlement ....................................... 10

    C.    The Stage of the Proceedings and the Amount of Discovery
Completed ........................................................................... 11

    D.    The Risks of Establishing Liability and Damages ............................ 12

    E.    The Risks of Maintaining the Class Action through Trial ................. 13

    F.    The Ability of the Defendants to Withstand a Greater Judgment ...... 13

    G.    The Range of Reasonableness of the Settlement Fund in Light of the
Best Possible Recovery and All the Attendant Risks of Litigation .... 13

V.    THE PROPOSED NOTICE IS APPROPRIATE AND ADEQUATE ........ 14

i

A.    The Proposed Form of Notice Meets the Requirements of Rule 23 and
Due Process ........................................................................................... 14

VI.    PROPOSED SCHEDULE OF EVENTS ....................................................... 15

VII.   CONCLUSION ........................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Adams v. Southern Farm Bureau Life Ins. Co.*,
 493 F.3d 1276 (11th Cir. 2007) ........................................................................ 14

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591, 117 S.Ct. 2231 (1997) ..................................................... 4, 6, 9, 13

*Cicero v. DirecTV, Inc.*,
 No. CV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010) ...................... 15

*Cole v. Asurion Corp.*,
 267 F.R.D. 322 (C.D. Cal. 2010) ....................................................................... 5

*Collins v. Cargill Meat Solutions Corp.*,
 274 F.R.D. 294 (E.D. Cal. 2011) ....................................................................... 5

*Dilts v. Penske Logistics, LLC*,
 267 F.R.D. 625 (S.D. Cal. 2010) ....................................................................... 5

*Gomez v. Rossi Concrete, Inc.*,
 270 F.R.D. 579 (S.D. Cal. 2010) ....................................................................... 5

*Hunt v. Check Recovery Sys., Inc.*,
 2007 WL 2220972 (N.D. Cal. Aug. 1, 2007) ..................................................... 15

*In re Cooper Cos. Inc. Secs. Litig.*,
 254 F.R.D. 628 (C.D. Cal. 2009) ....................................................................... 5

*In re Mercury Interactive Corp., Sec. Litig.*,
 618 F.3d 988 (9th Cir. 2010) ............................................................................. 15

*In re Nat'l W. Life Ins. Deferred Annuities Litig.*,
 268 F.R.D. 652 (S.D. Cal. 2010) ....................................................................... 5

*In re Network Associates Sec. Litig.*,
 2001 WL 34135321 (N.D. Cal. Feb. 28. 2001) .................................................. 15

*In re Prudential Insurance Company of America Sales Practice Litigation*,
 148 F.3d 283 (3rd Cir. 1998) ......................................................... 10, 11, 12, 13

*In re Skilled Healthcare Group, Inc. Sec. Litig.*,
 No. CV 09-5416, 2011 WL 280991 (C.D. Cal. Jan. 26, 2011) ........................ 15

*In re U.S. Fin. Sec. Litig.*,
 69 F.R.D. 24 (S.D. Cal. 1975) ........................................................................... 15

*In Re Wal-Mart Stores Inc., Wage & Hour Litig.*,
 2008 WL 1990806  (N.D. Cal. May 5, 2008) .................................................... 15

*Johnson v. General Mills, Inc.*,
 275 F.R.D. 282 (C.D. Cal. 2011) ........................................................................ 8

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001) ............................................................. 8

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th  Cir. 2010) ............................................................ 5

*Slaven v. BP Am., Inc.*,
190 F.R.D. 649 (C.D. Cal. 2000) ......................................................... 5

FEDERAL RULES

Rule 23 of the Federal Rules of Civil Procedure .............................................. passim

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 31, 2013 at 8:00 a.m., or as soon thereafter as it may be heard, at the U.S. District Court, Northern District of California, located at 455 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Alsup, the Named Proposed Participating Class Plaintiffs Roy Lee Jefferson, Walter Beach, Clifton McNeil, John Brodie, Chick Bednarik, and Paul Hornung, the ("Named Plaintiffs") on behalf of themselves, by undersigned counsel, will and hereby do respectfully move the Court for an order: (1) conditionally certifying the putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) granting preliminary approval of a settlement between the class and Defendants described in the Settlement Agreement attached hereto; (3) directing that notice of the settlement be given to the Class; and (4) setting a schedule for final approval of that settlement.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities; the attached exhibits; the Declaration of Maxwell M. Blecher in Support of this motion; the [Proposed] Order; the pleadings, records, and papers on file in this action; any argument present at the hearing on this motion; and all other matters properly before this court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On August 12, 2012, Plaintiffs Roy Lee Jefferson, Walter Beach, Clifton McNeil, John Brodie, Chick Bednarik, and Paul Hornung the ("Named Plaintiffs") and Defendants Manatt, Phelps & Phillips, LLP ("Manatt") and McKool Smith, PC ("McKool," and collectively with Manatt, "Defendants") entered into a settlement Agreement and Release, which was the culmination of two settlement conferences before, and related communications with, Magistrate Judge Joseph C. Spero.  For the following reasons, Plaintiffs respectfully request that the Court enter the Proposed Order conditionally certifying the putative class, preliminarily approving

the Settlement, and providing for notice to the class.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This proposed class action arises out of a prior certified and litigated class action, *Adderley v. National Football League Players Inc.*, No. C 07-00943 WHA (the "*Adderley* Action"), which was tried to verdict and settled while on appeal. Plaintiffs filed this action on July 21, 2010, alleging that Defendants had committed malpractice arising out of their representation of the Certified Class in the *Adderley* Action.

On October 29, 2010, Defendants moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  On December 13, 2010, the District Court dismissed the Complaint.  Plaintiffs timely filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  The parties fully briefed the matter to the Ninth Circuit and oral argument was held on April 18, 2012. Following oral argument, the parties engaged in arm's-length negotiations on June 20, 2012 and July 26, 2012, with the assistance of Magistrate Judge Spero.

The parties' settlement negotiations culminated in the execution of the Settlement Agreement.  A true and correct copy of the executed Settlement Agreement is attached hereto as Exhibit 1.  The Settlement Agreement provides for a proposed settlement class and payment by Defendants of $3,500,000 for the settlement of all claims that have been or could have been asserted by Plaintiffs for themselves or on behalf of the class.  This amount has already been deposited by Defendants into an escrow account.  A true and correct copy of the executed Escrow Agreement is attached hereto as Exhibit 2.

The Settlement Agreement further provides that attorneys' fees, costs, and expenses may be paid out of the Settlement Fund as defined in the Settlement Agreement after Court approval.  Blecher & Collins, P.C. ("Class Counsel") will request reimbursement for a portion of their attorneys' fees, litigation costs, and expenses.  Class Counsel will apply to the Court for an award from the Settlement

Fund of approximately $100,000 in litigation and settlement expenses and costs incurred on behalf of the Class and for attorneys' fees in an amount equal to 25% of the remaining settlement fund after deduction of the amount that the Court awards for the litigation and settlement expenses and costs that Class Counsel incurred on behalf of the Class.  All costs, fees, and expenses will be paid solely out of the Net Settlement Fund, as defined in the Settlement Agreement, and in accordance with the Plan of Distribution, as approved by the Court.  The Proposed Plan of Distribution divides the Net Settlement Amount on a per year basis, (2003, 2004, 2005, and 2006), in what Class Counsel understands to be the same percentage as the Court ordered and approved in the *Adderely* Action.  The Proposed Plan of Distribution is attached hereto as Exhibit 3.

In exchange, each Class Member will release the Defendants and their Releasees from any and all claims and causes of action, whether known or unknown, that arise out of the facts, occurrences, transactions, or other matters that were alleged in, are the subject of or relate to the present action, whether under federal or state law, as set forth in more detail in the Settlement Agreement.

## III.   THE PUTATIVE CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES ONLY

Plaintiffs seek certification of one class – the Participating Class – for settlement purposes only.  *See* [Proposed] Order, filed concurrently herewith, ¶ 2. This class is defined as:

> All persons who were members of the certified class in the action styled *Adderley v. National Football League Players Incorporated, et al.*, No. C 07-00943 WHA and who did not opt out of that class, including each of the named Plaintiffs.  The proposed Settlement Class shall also include all persons who, by operation of law or otherwise, including, but not limited to, by assignment,

rights of survivorship, marriage, domestic partnership,

devise, agency, affiliation, or subrogation, own or have

the right to enforce any portion of any of the claims

brought in the present action by or on behalf of any

person in the Settlement Class.

Federal Rules of Civil Procedure 23(a) and 23(b) govern the certification inquiry for settlement only classes. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21, 117 S.Ct. 2231, 2248-49 (1997). The District Court must find that a class satisfies the requirements of Rule 23 before analyzing whether a proposed class settlement is fair. *See id.* The District Court may take the proposed settlement into consideration when examining the question of certification. *See id.*

The requirements of Rules 23(a) and (b) are designed to ensure that a proposed class has "sufficient unity so that absent class members can fairly be bound by decisions of class representatives." *Id.* at 620, 117 S.Ct. at 2248. In order to be certified, a class must satisfy the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). If the Rule 23(a) criteria are satisfied, the Court must also find that the class fits within one of the three categories of class actions defined in Rule 23(b). In this case, Plaintiffs sought class certification under Rule 23(a), (b), and (d). *See* Complaint ("Compl.") ¶ 35.

As discussed below, the putative settlement class satisfies the requirements of Rule 23(a). This class is virtually identical to the class that was certified in the *Adderley* Action. The proposed settlement class should therefore be conditionally certified for settlement. As noted, however, Plaintiffs seek conditional certification of the settlement class for settlement purposes only, and Defendants have agreed not to oppose certification solely for purposes of settlement.

///

///

4

### A.   The Rule 23(a) Criteria

#### 1.   Numerosity

The court must find that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs allege that the proposed class consists of 2,062 former National Football League ("NFL") players who were previously certified as a class in the *Adderley* Action. *See* Compl. ¶ 37. Joining all of these potential claimants in the lawsuit would be impracticable and inefficient. Moreover, in light of the settlement, there is no reason to undertake such joinder because the Settlement Agreement sets forth an orderly and efficient manner for resolving the claims of all of the potential class members. As a result, the number of potential class members weighs in favor of certification of the settlement class for settlement purposes. *See Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 300 (E.D. Cal. 2011); *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal. 2010); *Dilts v. Penske Logistics*, LLC, 267 F.R.D. 625, 632 (S.D. Cal. 2010); *In re Cooper Cos. Inc. Secs. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

#### 2.   Commonality

The commonality prong of Rule 23(a) asks whether "there are questions of law or fact common to the class." This is a low standard that is to be construed liberally by the courts. *See In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 661 (S.D. Cal. 2010); *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000). If there is just one issue of law or fact shared by the members of the putative class, then the commonality test is met. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1122-23 (9th Cir. 2010); *Cole v. Asurion Corp.*, 267 F.R.D. 322, 326 (C.D. Cal. 2010).

Plaintiffs assert that the following legal and factual issues are common to the proposed classes: (1) whether Defendants' failure to admit critical evidence in the underlying action fell below the standard of care and constituted legal malpractice

and breach of fiduciary duty resulting in damage to the members of the Participating Class; (2) whether Defendants' failure to present a plausible damages theory for Plaintiffs claims for breach of fiduciary duty fell below the standard of care and constituted legal malpractice and/or breach of fiduciary duty resulting in damage to the Participating Class; and (3) whether the Participating Class is entitled to damages, punitive damages, costs, and attorneys' fees as a result of the conduct of Defendants.  *See* Compl. ¶ 42(a)-(c).

Defendants agree, for settlement purposes only, the Plaintiffs' allegations describe some legal and factual issues common to the proposed class. Accordingly, the commonality requirement of Rule 23(a) favors certification of the settlement class for settlement purposes.

### 3.   Typicality

The typicality prong of Rule 23(a) asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs allege that the Named Plaintiffs were members of the class certified in the *Adderley* action.  *See* Compl. ¶¶ 36-37.  The relief Plaintiffs seek is the same for both the Named Plaintiffs and the proposed class. *See id*.  ¶¶ 42(a)-(c), and Prayer for Relief.  As a result, the claims of the Named Plaintiffs are typical of the claims of the proposed class and this Rule 23(a) requirement thus favors certification of the proposed class for settlement purposes.

### 4.   Adequate Representation

The adequate representation prong of Rule 23(a) asks whether "the representative parties will fairly and adequately protect the interests of the class." This prong encompasses two distinct inquiries designed to protect the interests of absentee class members:  (1) whether the counsel representing the class is qualified to do so; and (2) whether the named plaintiffs and the class they seek to represent have conflicts of interests.  *See Amchen,* 521 U.S. at 625-26 & n.20, 117 S.Ct. at 2250-51 & n.20.

In this case, Plaintiff are represented by Maxwell M. Blecker, Howard K. Alperin, John Arbucci, and Alyson C. Decker of Blecher & Collins, P.C.  Class Counsel are highly competent and experienced class action attorneys, who have over the course of decades handled numerous complex cases and class action lawsuits.  *See* Declaration of Maxwell M. Blecher in Support of Motion ("Blecher Decl.") ¶¶ 2 and 6; *see also* Fed. R. Civ. P. 23(g)(1)(C)(i) (stating that in appointing class counsel, the Court must consider counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, and counsels' knowledge of the applicable law).  Moreover, Class Counsel indentified Plaintiffs' potential claims and investigated them prior to filing suit. *See* Blecher Decl. ¶¶ 2 and 6; *see also* Fed. R. Civ. P. 23(g)(1)(C)(i) (stating that in appointing class counsel, the Court must consider the work counsel has done in identifying or investigating potential claims in the action).  Over the course of this case, Class Counsel have devoted substantial attorney and staff time to this action, in addition to advancing certain costs necessary to its prosecution.  *See* Blecher Dec. ¶ 2; *see also* Fed. R. Civ. P. 23(g)(1)(C)(i) (stating that in appointing class counsel, the Court must consider the resources counsel will commit to representing the class).

Furthermore, the Named Plaintiffs and the class they seek to represent do not have any conflicts of interest.  *See* Blecher Decl. ¶ 3.  To the contrary, Plaintiffs allege the same claims on behalf of the Named Plaintiffs and the proposed class, and seek the same relief for the Named Plaintiffs and the proposed class.  *See id.*; Compl. ¶¶ 22-30, 31-34, 42(a)-(c), and Prayer for Relief.  Additionally, the Named Plaintiffs would need to establish the same facts and legal theories as the proposed class.  *See* Blecher Decl. ¶ 3.  Accordingly, this Rule 23(a) requirement favors certification of the proposed class for settlement purposes.

**B.    The Rule 23(b)(3) Criteria**

In order to certify a class under Rule 23(b)(3), the District Court must make

two additional findings of predominance and superiority.  *See* Fed. R. Civ. P. 23(b)(3).  Issues common to the class must predominate over individual issues, and the class action device must be superior to other means of handling the litigation. *See id.*

### 1.   Predominance

The predominance inquiry asks whether questions of law or fact common to the class members predominate over any questions affecting only individual members.  *See* Fed. R. Civ. P. 23(b)(3).  Here Plaintiffs allege that Defendants: (1) failed to properly use critical evidence, and (2) failed to present a plausible damages theory for their breach of fiduciary duty claim.  *See* Compl. ¶ 42.  These are all common questions which can be resolved for all potential class members in a single adjudication.  Moreover, Defendants agree, for settlement purposes only, that Plaintiffs allegations describe some legal and factual issues that could predominate over questions affecting only individual members.  Accordingly, the predominance requirement of Rule 23(b)(3) favors certification of the settlement class for settlement purposes.  *See Johnson v. General Mills, Inc.*, 275 F.R.D. 282, 288 (C.D. Cal. 2011); *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

### 2.   Superiority

The superiority inquiry asks whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  *See* Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3) sets out several factors relevant to the superiority inquiry: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

Here, each of these factors supports a finding that a class settlement is superior to other available methods of resolving this case.  First, essentially all of the individual claims are identical, yet not financially substantial, and there are over two thousand potential claimants.  As it would cost more that could be recovered for each of these claimants to bring their claims individually, a class settlement is the most logical and efficient avenue of redress for the potential class members.  Second, there are no similar actions pending, further indicating that individuals lack a compelling interest to control the prosecution of their own claims.  Moreover, if litigated separately, these claims of over two thousand individuals would represent a substantial potential strain on judicial resources.  Third, it is appropriate to litigate this case in San Francisco, as the underlying *Adderley* Action was adjudicated in the United States District Court for the Northern District of California.  Finally, although it is probably that there will be some objection to the settlement, this case is not likely to be difficult to manage as a class action because the parties have already reached a settlement, membership in the class is easy to determine, and the parties have previously agreed to detailed procedures for the orderly and efficient administration of the settlement.  As a result, the superiority requirement of Rule 23(b)(3) favors certification of the settlement class for settlement purposes.

## IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

Once the Court has concluded that a class action settlement satisfies the requirements for certification under Rules 23(a) and (b), the Court must also determine whether the settlement is "fair, reasonable and adequate" under Rule 23(e).  *See Amchem*, 521 U.S. at 620, 117 S.Ct. at 2248.  There are nine factors to be considered when determining the fairness of a proposed class action settlement: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of

discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *See In re Prudential Insurance Company of America Sales Practice Litigation*, 148 F.3d 283, 317 (3rd Cir. 1998).  As discussed below, these factors demonstrate that the Proposed Settlement is fair, reasonable, and adequate.

### A.    The Complexity, Expense and Likely Duration of the Litigation

As an initial matter, this case is inherently complex because it involves claims of malpractice arising out of a litigated-to-trial class action case.  Legal malpractice is now a demanding and frequently-changing area of the law, particularly, where, as here, the causation element of Plaintiffs' case requires the trial of a case within a case.  In short, the complexity of the legal claims Plaintiffs assert, which will necessitate retrying the underlying *Adderley* Action, favors settlement of this action.  Litigating this case through trial would be a long a difficult process requiring substantial expenditures of time and money by both the Court and the parties.  Moreover, this case has already been pending for well over two years and if not settled is likely to last several more years.  *See* Blecher Decl. ¶ 4.  Thus, the prospect of such a drawn out process weighs in favor of settlement.

### B.    The Reaction of the Class to the Settlement

This second factor attempts to gage whether members of the class support the settlement.  *See Prudential*, 148 F.3d at 318.  This factor is more relevant to a determination of whether a class settlement should be finally approved – rather than, as here, preliminarily approved – because by the time of a final approval hearing, the class members have received notice of the settlement and have been able to respond.  *See id.*

Here, the parties are solely seeking preliminary approval of the settlement and permission to provide notice of the settlement to the proposed class.  Thus, other than the Named Plaintiffs, no other potential class members have received formal notice of the settlement yet and, therefore, none have responded.  *See* Blecher Decl. ¶ 3 (noting that during the settlement negotiation process, only Named Plaintiff Walter Beach, who approved and supports the proposed settlement, participated).  Class Counsel expects that a small fraction of class members, and non-class-member Bernard Parrish, may oppose the settlement.  *See id.*; *see also* Ninth Circuit Order Dismissing Bernard Parrish from the Appeal and Granting Joint Motion for Limited Remand, attached hereto as Exhibit 4.  Class counsel does not, however, know the reaction of the rest of the proposed class to the settlement, and that will not be known until after the settlement is preliminarily approved and notice can be provided to all the potential class members.

## C.     The Stage of the Proceedings and the Amount of Discovery Completed

To ensure that a proposed settlement is the product of informed negotiations, the Court may wish to review the type and amount of discovery the parties undertook prior to settlement.  *See Prudential*, 148 F.3d at 319.  Here, the parties exchanged initial disclosure and various documents in 2010.  The parties are also familiar with the substantial trial record, post-trial record, depositions, expert reports, and voluminous document productions in the underlying *Adderley* Action.  *See Blecher* Dec. ¶ 5.

Additionally, Class Counsel engaged the services of Karl J. Schulze, CPA, CVA, CFE, CFF of Schulze Haynes Loevenguth and Co to prepare a damage study related to Plaintiffs' claims.  Mr. Schulze opined that Plaintiffs' damages in the *Adderley* Action ranged from $12,659,000 to $13,704,000 before interest.  A true and correct copy of Mr. Schulze's damage study is attached hereto as Exhibit 5. After deducting the Jury Verdict of $7,100,000 in the *Adderley* case, the damage

range applicable to the instant matter would be $5,559,000 to $6,604,000 before interest.  *See* Exh. 5.  Accordingly, the proposed settlement would appear to represent at least 50 percent of the maximum potential recovery attainable at trial for Plaintiffs.

### D.   The Risks of Establishing Liability and Damages

The fourth and fifth factors focus on the possible risks of litigation in order to balance the likelihood of success and the potential damages award if the case were taken to trial against the benefits of an immediate settlement.  *See Prudential*, 148 F.3d at 319.  In this case, these factors weigh in favor of settlement because Plaintiffs face a triple burden: (1) prevailing in their pending appeal of this Court's order dismissing the action; (2) obtaining class certification; and (3) proving their claims at trial.

Although, this Court's dismissal of this action remains in place, the parties reached an agreement to settle after oral argument had occurred before a three-judge panel of the Ninth Circuit but before the panel had issued its decision.  Thus, even if the dismissal were to be reversed by the Ninth Circuit, Plaintiffs would still need to obtain class certification.  Plaintiffs contend that this class is capable of certification but are cognizant of Defendants' proposed bases of opposition and acknowledge that certification is not guaranteed.  Furthermore, even after class certification, Plaintiffs would ultimately have to prove that Defendants committed malpractice.  Any Ninth Circuit decision, if issued, would not likely provide enlightenment on the basic malpractice claim.  Moreover, this case has already been dismissed with prejudice once.

Still, while the Plaintiffs agree that the ultimate likelihood of success at trial is uncertain, Plaintiffs contend that Defendants would, in the absence of the Proposed Settlement, have a substantial risk for damages award of a significantly larger amount.  In the face of the risks of pressing this case through a decision on appeal, and if the appeal were to succeed, trial, the benefits of the proposed

settlement are clear.  The proposed settlement provides the Class with a certain and timely recovery and protects Plaintiffs against the real possibility of no recovery at all if this case proceeds to trial.

### E.   The Risks of Maintaining the Class Action through Trial

This factor is not significant in the evaluation of settlement-only class actions because, as the Supreme Court noted in *Amchen*, 521 U.S. 620, 117 S.Ct. at 2248, the proposal in a settlement-only class action is "that there be no trial."  *See Prudential*, 148 F.3d at 321.  As a result, this factor does not affect the fairness inquiry in this settlement-only class action.  Furthermore, under Rule 23, a district court may decertify or modify a class at any time during the litigation if it proves to be unmanageable.

### F.   The Ability of the Defendants to Withstand a Greater Judgment

Defendants might be able to withstand a judgment greater than the agreed settlement amount of $3,500,000, but Defendants' possible ability to do so does not affect the fairness of the proposed settlement.  To the contrary, after extensive arm's-length negotiations before Magistrate Judge Spero, and coupled with the analysis by Plaintiffs' damage expert, the parties agreed that this multi-million-dollar settlement represents a fair and reasonable settlement when weighed against the risks of litigation and time/money considerations of all the parties involved. The settlement relieves Defendants of substantial potential risk if the case was litigated successfully as well as additional litigation costs, and gives Plaintiffs a certain recovery without the expense, delay, or risks of further litigation.

### G.   The Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and All the Attendant Risks of Litigation

The last two factors ask whether the settlement is reasonable in light of the best possible recovery and the risk the parties would face if the case went to trial. *See Prudential*, 148 F.3d at 322.  In this case, calculating the best possible

13

recovery for the class would be speculative at best, and the risks Plaintiffs face if the case is tried are serious.  As an initial matter, litigating this case through trial will be an expensive, multi-year undertaking.  Even if the parties are able to meet the discovery challenges posed by this case, Plaintiffs' ability to certify the classes for any purpose other than settlement is uncertain.

The Settlement Agreement, by contrast, offers the Proposed Class a definite multi-million-dollar recovery.  Plaintiffs will be spared the burden of additional costs or expenses being deducted from any award they might receive, and they do not need to await the outcome of an uncertain litigation.  Instead, they will obtain relief in a matter of months.  All litigation is risky, and this litigation presents numerous risks.  The proposed settlement removes those risks and provides the class with nearly immediate relief.

## V.	THE PROPSOED NOTICE IS APPROPRIATE AND ADEQUATE

### A.	The Proposed Form of Notice Meets the Requirements of Rule 23 and Due Process

Federal Rule of Civil Procedure 23(e)(1) provides that "[t]he Court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Plaintiff proposes providing individual, mailed notice to class members to the extent practicable.  A copy of the Proposed Notice of Proposed Class Action Settlement is attached hereto as Exhibit 6.  The Proposed Notice will be posted on the internet and mailed prepaid first class postage.

Plaintiffs believe that the content and proposed method of dissemination of the Proposed Notice fulfill the requirements of both Federal Rule of Civil Procedure 23(e) and due process.  *See generally Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-88 (11th Cir. 2007).  The Proposed Notice apprises the Class of the material settlement terms and outlines the procedures and related deadlines for any Putative Class Members who desire to exclude themselves from the Settlement Agreement or object to the terms of the settlement.

The Proposed Notice also informs Putative Class Members of the date and place of the Final Approval Hearing.  Further, the Proposed Notice advises the Class that, in connection with the approval of the proposed settlement, Class Counsel will ask the Court for attorneys' fees and reimbursement for already incurred out-of-pocket litigation expenses.  Courts regularly grant requests for attorneys' fees and reimbursement of past expenses.  *See e.g., In re Skilled Healthcare Group, Inc. Sec. Litig.*, No. CV 09-5416, 2011 WL 280991 (C.D. Cal. Jan. 26, 2011); *Cicero v. DirecTV, Inc.*, No. CV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010).

The Proposed Notice is consistent with the notice program implemented in the *Adderley* Action subsequent to class certification and with other programs that this Court and others have found sufficient under Rule 23.  *See, e.g., In re Network Associates Sec. Litig.*, 2001 WL 34135321, at *2 (N.D. Cal. Feb. 28. 2001) (approving notice by mail, paper publication, and posting on Internet); *In re U.S. Fin. Sec. Litig.*, 69 F.R.D. 24, 47 (S.D. Cal. 1975); *Hunt v. Check Recovery Sys., Inc.*, 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007) (finding that delivery by first class mail satisfies individual notice requirements); *In Re Wal-Mart Stores Inc., Wage & Hour Litig.*, 2008 WL 1990806 at *2 (N.D. Cal. May 5, 2008) ("notice by publication is only used when the identity and location of class members cannot be determined though reasonable efforts, which is not the case here since the identity and location of class members can be determined through reasonable efforts using Wal-Mart's electronic records").  The Proposed Notice also satisfies the requirements of due process by alerting and informing the Class about the terms of the Settlement Agreement.

## VI.   PROPOSED SCHEDULE OF EVENTS

The [Proposed Order], filed concurrently herewith, sets forth a procedure and schedule for disseminating the Proposed Notice and for final approval of the proposed settlement.  Class Counsel proposes the following schedule, which complies with the time periods set forth by the Ninth Circuit in *In re Mercury*

*Interactive Corp., Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010):

    (1)    Within twenty (20) days after entry of a preliminary approval order: dissemination of Notice of Proposed Class Action Settlement to the Class via publication on the www.retiredplayersclassaction.com website and first class mail;

    (2)    Thirty-five (35) days before the Final Settlement and Class Certification Hearing: deadline for submission of Class Counsel's motion for final approval of the Settlement Agreement and application for fees and expenses;

    (3)    Twenty-one (21) days before Final Settlement and Class Certification Hearing: deadline to object to the Settlement Agreement; and

    (4)    Seven (7) days before the Final Settlement and Class Certification Hearing: deadline for responses to any objections.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the [Proposed] Order conditionally certifying the settlement class, preliminarily approving the proposed settlement, approving the proposed form and manner of notice of the settlement, and entering the proposed schedule or any other schedule that is satisfactory to the Court.


Dated:  December 10, 2012        Respectfully submitted,

                                    BLECHER & COLLINS, P.C.
                                    Maxwell M. Blecher
                                    Howard K. Alperin
                                    John Arbucci
                                    Alyson C. Decker


                                    By: <u>/s/ Maxwell M. Blecher</u>
                                          Maxwell M. Blecher

# 52308

16