United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD PARRISH, BOB GRANT, ROY LEE JEFFERSON, WALTER BEACH, DR. CLINTON JONES, WALTER ROBERTS, III, CLIFTON MCNEIL, MARVIN COBB, JOHN BRODIE, CHUCK BEDNARIK, AND PAUL HORNUNG on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANATT, PHELPS & PHILLIPS, LLP, and MCKOOL SMITH, PC,<br><br>Defendants. | No. C 10-03200 WHA<br><br>**ORDER CERTIFYING SETTLEMENT CLASS; SETTING FINAL FAIRNESS HEARING DATE; AUTHORIZING DISTRIBUTION OF NOTICE** |

**INTRODUCTION**

The Court has reviewed the proposed class settlement and counsel's motion and exhibits and hereby directs notice be given to class members, so that a final fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel for fees and costs. A fairness hearing will be held at **3:00 P.M. ON MAY 30, 2013**, in Courtroom 8, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

**STATEMENT**

This action is a follow-on litigation to a prior class action, *Adderley v. National Football League Players Inc.*, No. 07-00943-WHA. *Adderley* was tried to a jury verdict and settled while on appeal. The plaintiffs in the *Adderley* action filed this action on July 21, 2010, alleging that

1 defendant law firms Manatt, Phelps & Phillips, LLP and McKool Smith, P.C. had committed
2 malpractice in their representation of the plaintiffs in *Adderley*.

By order dated December 13, 2010, the complaint herein was dismissed (Dkt. No. 76). Plaintiffs appealed to the United States Court of Appeals for the Ninth Circuit. While the action was on appeal, the parties engaged in negotiations, assisted by Magistrate Judge Joseph Spero. The parties have now filed a motion for preliminary approval of the settlement agreement. Key provisions of the settlement agreement relevant to the proposed class are as follows:

*First*, defendants have deposited $3,500,000 into an escrow account to be used as the net settlement fund. All costs, fees, and expenses will be paid from this settlement fund, including any attorney's fees and settlement administration costs.

*Second*, after deducting attorney's fees and costs and administration costs, the settlement fund will be distributed based on a per-year basis (for each year between 2003–2006) in the same percentage as ordered and approved in the *Adderley* settlement.

*Third*, Blecher & Collins, P.C. will seek reimbursement of costs and expenses in the amount of approximately $100,000 and for attorney's fees in an amount equal to 25% of the remaining settlement fund after deduction of any costs and expenses awarded by the Court.

*Fourth*, the release would apply to each class member who does not timely opt out, and will release defendants from "all claims and causes of action . . . that arise out of the facts, occurrences, transactions, or other matters that were alleged in, are the subject of or relate to the Present Action" as set forth in paragraph six of the settlement agreement.

Defendants have filed a joint statement of non-opposition to plaintiffs' motion.

**ANALYSIS**

**1. Certification of Settlement Class.**

Plaintiff seeks to certify a class under Rule 23(a) and (b)(3) for settlement purposes only, which defendant does not oppose. In determining whether the proposed class satisfies the requirements of Rule 23, the proposed settlement may be considered as "a factor in the calculus." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The proposed class must satisfy the requirements under Rule 23(a) of numerosity, commmonality, typicality, and adequacy of

2

representation. Next, plaintiffs must demonstrate that common questions of law or fact predominate, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Rule 23(b)(3).

The proposed settlement class is defined as:

> All persons who were members of the certified class in the action styled *Adderley v. National Football League Players Incorporated, et al.*, No. C 07-00943 WHA and who did not opt out of that class, including each of the named Plaintiffs. The proposed Settlement Class shall also include all persons who, by operation of law or otherwise, including, but not limited to, by assignment, rights of survivorship, marriage, domestic partnership, devise, agency, affiliation, or subrogation, own or have the right to enforce any portion of any of the claims brought in the present action by or on behalf of any person in the Settlement Class.

Plaintiffs state that the proposed class consists of 2,062 former National Football League players who were previously certified as a class in the *Adderley* action. Common questions of law or fact predominate, as plaintiffs assert claims for relief regarding defendants' legal representation in the *Adderley* action of essentially the same class of individuals for whom class certification is now sought. Similarly, the claims of the named plaintiffs are typical of the claims or defenses of the class, as they arise from claims based on defendants' legal representation of the *Adderley* class.

Turning to the adequacy requirement, this prong is designed to protect the interests of absentee class members based on two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). As to the first question, the named plaintiffs allege the same claims and seek the same relief for themselves and the proposed class. While the Court has discretion to award a small incentive payment to the named plaintiffs to reasonably compensate them for time spent litigating this action on behalf of the class, the settlement agreement is not contingent on any such award. Regarding the second question, counsel from the law firm Blecher & Collins, P.C. are experienced class action counsel (Blecher Decl. ¶¶ 2, 6). Furthermore, counsel and the named plaintiffs have thus far doggedly prosecuted the action on behalf of the class, including pursuing an appeal from an order dismissing the complaint.

3

As discussed above, common questions of law and fact predominate. Furthermore, prosecuting this case as a class action is a superior method, where the claims of each individual class member are the same, the potential value of each individual's claim is not substantially large, and there are over 2,000 potential class members. The class is defined to cover the same individuals as the *Adderley* class, such that membership in the class can be readily determined.

This order notes that these findings are only in the context of class certification for purposes of settlement, which defendants do not oppose. For the reasons discussed above, this order finds that class certification for settlement purposes is appropriate.

**2. Release.**

The release applies only to defendants (and their partners, associates, employees, agents, insurers, attorneys, etc.). Class members who did not timely opt out would thus only release claims against the law firm defendants related to the current action. This release is specifically and narrowly directed at defendants and their actions in connection with representation of the certified class in *Adderley*.

**3. Form of Notice.**

Notice must be mailed to class members by **FEBRUARY 15, 2013.** The proposed notice form (Dkt. No. 112 Exh. 6) should be revised as follows:

- After the title "Notice of Proposed Class Action Settlement," the following text should be added:

    > YOUR CLAIM FOR MALPRACTICE AGAINST THE LAW FIRMS MANATT, PHELPS & PHILLIPS, LLP AND MCKOOL SMITH, PC, WILL SOON BE **EXTINGUISHED** IN FAVOR OF A SETTLEMENT.
    >
    > This notice has been authorized by the United States District Court to explain the situation to you and to explain your options to either accept the settlement (and give up your own right to sue) versus to opt out of the settlement (and retain your right to sue). You must act promptly if you wish to opt out of the settlement, as explained below.

- A sentence should be added at the end of the first paragraph under section "Status of the Litigation" to make clear that the plaintiffs' appeal has not yet been decided.

4

- In Section III, which recites the class definition, the notice should be revised to add the class definition of the class members bound by the *Adderley* settlement.
- The section regarding the distribution plan should reference the proposed plan of distribution, and the notice packets mailed to class members should include a copy of the proposed plan. An acceptable revision would be along the lines of the following (new language in italics):

> *The Proposed Plan of Distribution is attached to this notice as Exhibit A, and can also be found at www.retiredplayerclassaction.com. Pursuant to the terms of the proposed Distribution Plan,* the amount that you, as a Class Member, may receive depends upon factors including the number of years that you participated in the NFLPA's GLA program, which years you participated, and the amount of fees, expenses, and costs approved by the Court. This is the same method of distribution that was ordered by the Court in the Adderley Action. *The more years that a Class Member had a GLA in effect during the relevant time period, the more that the Class Member would receive under the proposed settlement and Distribution Plan. For example, the maximum amount a Class Member may receive under the Distribution Plan is approximately $1,785, assuming that the Class Member had a GLA in effect for each of the years 2003, 2004, 2005, and 2006 and the Court approves the proposed settlement and the award of attorneys fees and costs requested by Class Counsel. The minimum amount a Class Member may receive under the Distribution Plan is approximately $258, assuming that the Class Member had a GLA in effect only for 2003.* The distribution will take place after the: (1) final approval of the settlement by the Court and the expiration of any period for further review or appeal of the Court's order of approval or the resolution of any such review or appeal; and (2) approval by the Court of the Claims Administrator's recommendations as to the amounts to be paid to Class members.

**5. Deadline to Object.**

Class members may object to any part of any settlement. All objections must be made in writing and mailed to the address stated in the notice. The objections must be postmarked on or before **11:59 P.M. ON APRIL 15, 2013.** Class members who mail in written objections will also have an opportunity to speak at the fairness hearing and raise their objection. If the parties seek to file responses to any objections received, they must do so by **APRIL 29, 2013.**

5

### 6. Deadline to Opt-Out.

Class members who wish to exclude themselves from the settlement must do so in writing by submitting a signed and dated opt-out request to the address set forth in the notice. The opt-out statement must be postmarked on or before **11:59 P.M. ON APRIL 15, 2013.**

### 7. Motion for Attorney's Fees and Motion for Final Approval.

Counsel must file their motion for attorney's fees and costs by **MARCH 1, 2013**. A copy of the motion and exhibits should be made available on the www.retiredplayerclassaction.com website. The motion for attorney's fees will be heard at **3:00 P.M. ON MAY 30**, the same day as the final fairness hearing. The motion for final approval of the settlement must be filed by **MAY 6, 2013**.

**IT IS SO ORDERED.**

Dated: January 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE