1  BLECHER & COLLINS, P.C.
   Maxwell M. Blecher (State Bar No. 26202)
2   mblecher@blechercollins.com
   Howard K. Alperin (State Bar No. 158809)
3   halperin@blechercollins.com
   Theo Giovanni Arbucci (State Bar No. 249811)
4   jarbucci@blechercollins.com
   Alyson C. Decker (State Bar No. 252384)
5   adecker@blechercollins.com
   515 South Figueroa Street, Suite 1750
6  Los Angeles, California  90071-3334
   Telephone:  (213) 622-4222
7  Facsimile:  (213) 622-1656

8  Attorneys for Plaintiffs
   and The Class

9

10                       **UNITED STATES DISTRICT COURT**

11                       **NORTHERN DISTRICT OF CALIFORNIA**

12  | BERNARD PARRISH, BOB GRANT, ROY LEE JEFFERSON, WALTER BEACH, DR. CLINTON JONES, WALTER ROBERTS, III, CLIFTON MCNEIL, MARVIN COBB, JOHN BRODIE, CHUCK BEDNARIK, AND PAUL HORNUNG on behalf of themselves and all others similarly situated | CASE NO. 3:10-CV-03200-WHA |
|---|---|
| Plaintiffs, vs. | **PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| MANATT, PHELPS & PHILLIPS, LLP, and MCKOOL SMITH, PC | Date: May 30, 2013<br>Time: 3:00 P.M.<br>Place: Courtroom 8,<br>Hon. William H. Alsup |
| Defendants. | [Filed concurrently with Declaration of Maxwell M. Blecher in Support of Unopposed Application For Class Counsel Fees, and Costs; and [Proposed] Order.] |

# TABLE OF CONTENTS
I.   INTRODUCTION ...................................................................................................................1

II.  CLASS COUNSEL REQUESTS AN AWARD OF 25% OF THE COMMON
     FUND AS ATTORNEYS' FEES ...........................................................................................3

     A.   Legal Standards Applicable to the Award of Attorneys' Fees in Common
          Fund Cases ..................................................................................................................3

          1.   Plaintiffs' Counsel Obtained An Exceptional Result for the Class .............5

          2.   Absence of Objections by Class Members to the Fee Requested ...............6

          3.   Class Counsel Assumed Enormous Risks Undertaking This Case
               Because of the Difficulty of the Questions Involved and the
               Considerable Risk of Nonpayment for Services Rendered.........................6

          4.   Class Counsels' Requested Fee Falls Well-Within the Range for
               Cases of This Type......................................................................................9

          5.   Class Counsel Faced a Heavy Burden Litigating This Case
               Through a Large Expenditure of Time and Labor ......................................9

III. REIMBURSEMENT FOR LITIGATION COSTS IS WARRANTED ............................11

IV.  CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

Abrams v. Lightolier Inc.,
    50 F.3d 1204 (3d Cir. 1995) .................................................................................................. 11

Anixter v. Home-Stake Prod. Co.,
    77 F.3d 1215 (10th Cir. 1996) ................................................................................................ 8

Backman v. Polaroid Corp.,
    910 F.2d 10 (1st Cir. 1990) .................................................................................................... 8

Blum v. Stenson,
    465 U.S. 886 n.16 (1984) ................................................................................................ 4, 10

Camden I Condominium Ass'n, Inc. v. Dunkle,
    946 F.2d 768 (11th Cir. 1991) .............................................................................................. 10

Cosgrove v. Sullivan,
    759 F. Supp. 166 (S.D.N.Y. 1991) ....................................................................................... 10

Court Awarded Attorney Fees,
    108 F.R.D. 237 (1985) ......................................................................................................... 10

Franklin v. Kaypro Corp.,
    884 F.2d 1222 (9th Cir. 1989) ............................................................................................... 9

Hanlon v. Chrysler Corp.,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 4

Harris v. Marhoefer,
    24 F.3d 16 (9th Cir. 1994) ................................................................................................... 11

Hensley v. Eckerhart,
    461 U.S. 424 (1983) ............................................................................................................... 5

In re Critical Path, Inc.,
    C 01-00551 WHA, 2002 WL 32627559 (N.D. Cal. June 18, 2002) ...................................... 5

In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,
    55 F.3d 768 (3d Cir. 1995) ..................................................................................................... 9

In re Heritage Bond Litig.,
    No. 02-ML-1475-DT, 2005 WL 1594389 (C.D. Cal. June 10, 2005) ................................... 5

In re LDK Solar Sec. Litig.,
    C 07-05182 WHA, 2010 WL 598361 (N.D. Cal. Feb. 17, 2010) .......................................... 5

In re Merry-Go-Round Enterprises, Inc.,
    244 B.R. 327 (Bankr. D. Md. 2000) .................................................................................... 11

In re Omnivision Technologies, Inc.,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................................ 5, 6

In re Rite Aid Corp. Securities Litigation,
    146 F. Supp. 2d 706 n.44 (E.D. Pa. 2001) ........................................................................... 10

In re RJR Nabisco, Inc. Securities Litigation,
    MDL No. 818, 1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) .......................................... 10

In re The Mills Corp. Sec. Litig.,
    No. 06-cv-0007, 2009 WL 5091931 (E.D. Va. Dec. 23, 2009) ........................................ 6

In re Wash. Pub. Power Supply Sys. Sec. Litig.,
    19 F.3d 1291 (9th Cir. 1994) .................................................................................... 4, 7

Miltland Raleigh-Durham v. Myers,
    840 F. Supp. 235 (S.D.N.Y. 1993) ................................................................................ 11

Paul, Johnson, Alston & Hunt v. Graulty,
    886 F.2d 268 (9th Cir. 1989) ......................................................................................... 4

Powers v. Eichen,
    229 F.3d 1249 (9th Cir. 2000) ....................................................................................... 4

Robbins v. KogerProps. Inc.,,
    116 F.3d 1441 (11th Cir. 1997) ..................................................................................... 8

Sutton v. Bernard,
    504 F.3d 688 (7th Cir. 2007) ......................................................................................... 8

Torrisi v. Tucson Elec. Power Co.,
    8 F.3d 1370 (9th Cir. 1993) ........................................................................................... 4

Vincent v. Hughes Air West, Inc.,
    557 F.2d 759 (9th Cir. 1977) ......................................................................................... 4

Vizcaino,
    290 F.3d at 1050 ................................................................................................... passim

Ward v. Succession of Freeman,
    854 F.2d 780 (5th Cir. 1988) ( ....................................................................................... 8

Warner Commc'ns Sec. Litig.,,
    618 F. Supp. 735 (S.D.N.Y.1985) ................................................................................. 6

Weiss v. Mercedes-Benz of North America, Inc.,
    899 F. Supp. 1297(D.N.J.) (9.3 multiplier), ................................................................ 10

Wyly v. Weiss,
    697 F.3d 131 (2d Cir. 2012) .......................................................................................... 7

**FEDERAL STATUTES**

42 U.S.C. § 1988 ................................................................................................................. 10

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1

Rule 23(h) of the Federal Rules of Civil Procedure ............................................................. 5

Local Rule Rule 54-5(b)(2) .................................................................................................. 2

**NOTICE OF MOTION AND MOTION**

TO CLASS MEMBERS, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Court's January 31, 2013 Order (ECF No. 116), on May 30, 2013, at 3:00 p.m. or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable William H. Alsup, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Blecher & Collins, P.C. will, and hereby do, move for an order awarding attorneys' fees and reimbursement of litigation costs.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities; the attached exhibits; the Declaration of Maxwell M. Blecher in Support of this motion; the [Proposed] Order; the pleadings, records, and papers on file in this action; any argument present at the hearing on this Motion; and all other matters properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Blecher & Collins, P.C. ("Class Counsel") is seeking an award of attorneys' fees of 25% of the settlement fund resulting from counsel's work, which amounts to $850,000.  The amount requested by Class Counsel is supported by the Plaintiff representatives, and this award is justified in light of the result achieved, the novelty and difficulty of the issues presented, the significant number of hours Class Counsel have devoted to the case, and the inherent risks Class Counsel faced when accepting a highly complex action that necessarily required significant resources.

Defendants Manatt, Phelps & Phillips, LLP, and McKool Smith, PC (collectively "Defendants") served as Plaintiffs' counsel in a prior certified and litigated class action, Adderley v. National Football League Players Inc., No. C 07-00943 WHA (the "Adderley Action"), which was tried to verdict and settled while on appeal.  Plaintiffs filed this action on July 21, 2010, alleging that Defendants had committed legal malpractice arising out of their representation of the certified class in the Adderley Action.

On October 29, 2010, Defendants moved to dismiss the Complaint herein in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  On December 13, 2010, this Court

1  dismissed the Complaint.  Plaintiffs filed a timely Notice of Appeal to the Ninth Circuit Court of
2  Appeals.  The parties fully briefed the matter to the Ninth Circuit, and oral argument was held on
3  April 18, 2012.
4       Following oral argument, the parties engaged in arm's-length-good faith negotiations on
5  June 20, 2012 and July 26, 2012, with the assistance of Magistrate Judge Spero.  The case was
6  settled-pending final approval by this Court-before the Ninth Circuit Court of Appeals issued its
7  opinion in this case.
8       Pursuant to Local Rule 54-5(b)(2), of the Local Rules for the United States District Court
9  for the Northern District of California, the Declaration of Maxwell M. Blecher ("Blecher Decl.")
10 (filed concurrently herewith) provides a description of the extensive investigation undertaken,
11 the factual and procedural history of the litigation, the claims asserted, the relevant motion
12 practice, the Ninth Circuit appeal, the settlement negotiations, and the class certification
13 proceedings, which all serve to highlight the numerous risks and uncertainties presented to
14 achieve a successful result for the class.
15      Class Counsel realize that it is the role of this Court to determine in its discretion the
16 ultimate amount of attorneys' fees and contingency fee percentage to be awarded.  Plaintiffs
17 respectfully submit this Motion seeking an award of attorneys' fees to Class Counsel in the
18 amount of $850,000, which equals 25% of the recovery obtained for the Class, as well as
19 reimbursement of $50,240.61 in litigation costs.[1]
20      Through their efforts, Class Counsel have obtained a settlement of $3,500,000 from
21 Defendants.  The settlement funds have already been deposited in an escrow account at Citi
22 Bank.  Class Counsel believes that the amount sought is fair and justified given the significance
23 and complexity of this case.  On January 31, 2013 the Court certified the Settlement Class and
24 set a fairness hearing for May 30, 2013.

---

[1] Class Counsel will supplement this request to include attorneys' fees incurred in relation to this Motion and the Motion for Final Approval of Settlement as well as the cost of the Class Action Administrator once those amounts have been finalized.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    The Blecher Declaration details the extensive work performed for the benefit of the Class, including an intensive pre-filing investigation, communications with clients, drafting the complaint, opposing and arguing motions to dismiss, review of a massive quantity of documents, briefing and arguing an appeal before the Ninth Circuit Court of Appeals, engaging and coordinating with experts, engaging in vigorous and arm's-length settlement discussions on multiple days before Magistrate Judge Spero, drafting and documenting the proposed settlement and escrow agreements, and preparing and obtaining class certification for settlement purposes.

As the Blecher Declaration shows, Class Counsel devoted considerable time and resources to develop and litigate this case against Defendants. The result achieved in this case is especially notable because of the difficulty of the claims alleged and the fact that this Court had previously dismissed this case with prejudice in granting Defendants' motions to dismiss.

## II. CLASS COUNSEL REQUESTS AN AWARD OF 25% OF THE COMMON FUND AS ATTORNEYS' FEES

Class Counsel respectfully requests 25% of the net fund after expenses are deducted. Blecher Decl. ¶ 24. Class Counsel is a law firm that devotes a portion of their practice to contingency litigation.

The hourly fees in this case (or "lodestar ") is $569,802.50, which is after downward adjustments from the exercise of billing judgment. Blecher Decl. ¶ 8. The requested fee of $850,000.00 reflects a multiplier of approximately 1.49.[2]  Blecher Decl. ¶ 24.

### A.  Legal Standards Applicable to the Award of Attorneys' Fees in Common Fund Cases

Equitable principles provide that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others have a claim is entitled to recover from the

---

[2] The multiplier is based upon timekeeper billable fees as of January 31, 2013. Class Counsel will supplement this application in connection with the Motion for Final Approval to address additional attorneys' fees and costs incurred since January 31, 2013. The anticipated fees and costs associated with the Motion for Final Approval will cause a reduction to the applicable multiplier.

fund the costs of his litigation, including attorneys' fees." Vincent v. Hughes Air West, Inc., 557 F.2d 759, 769 (9th Cir. 1977). The rationale is that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1300 (9th Cir. 1994) ("WPPSS").

The Supreme Court has recognized that, under the common fund doctrine, a reasonable fee may be based "on a percentage of the fund bestowed on the class." Blum v. Stenson, 465 U.S. 886, 900 n.16 (1984). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998); see also Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989) (establishing the 25% benchmark); Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000) (affirming the 25% benchmark); Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993) (affirming the 25% benchmark). The guiding principle is that the fee be "reasonable under the circumstances." Paul, Johnson, 886 F.2d at 272.

In this Circuit, a district court has discretion to award fees in common fund cases based on either the so-called lodestar/multiplier method or the percentage-of-the-fund method. WPPSS, 19 F.3d at 1296. Under either the lodestar-multiplier method or the percentage method, the fee requested here is reasonable.

A district court may look to the lodestar, i.e., the amount of hours invested by counsel before applying a multiplier. Vizcaino, 290 F.3d at 1050. In this case, Class Counsel's combined lodestar was $569,802.50 for 1,333.95 hours of attorney/paralegal work. Indeed, as discussed herein, the lodestar cross-check reveals that Class Counsel will receive a 1.49 multiplier on their time. Accordingly, the requested fee is appropriate under either of the methods used to evaluate fee awards.

The Vizcaino court, which engaged in an exhaustive survey of fee awards in common fund case settled between 1996 and 2001, affirmed that the district court may apply the following factors in determining an attorneys' fee award to class counsel: (1) exceptional results for the plaintiffs; (2) the risk for class counsel; (3) whether any individual nonmonetary benefits are obtained; (4) whether the fee is within the range typically associated with cases of this kind; and

1  (5) the burden on class counsel of prosecuting the case.  Vizcaino, 290 F.3d at 1048-50.

2  Applying these factors to this case, it is clear that the request here is eminently reasonable.

3  The recovery obtained for the Class was achieved after almost three years of intense
4  litigation.  Class Counsel devoted a substantial amount of time and money to litigate this case,
5  which settled after oral argument before the Ninth Circuit but prior to the Ninth Circuit issuing a
6  decision on the case.  As a result of the skill, effort, tenacity, and effective advocacy of Class
7  Counsel in a difficult case, the Class will benefit from a cash recovery of $3,500,000.  Class
8  Counsel's efforts have been without compensation and wholly contingent upon achieving a
9  successful outcome.  For the reasons discussed below, Class Counsel's request for fees of
10 $850,000.00 (25% of the amount recovered) and reimbursement of litigation expenses is
11 reasonable under Rule 23(h) of the Federal Rules of Civil Procedure.

12 **1.  Plaintiffs' Counsel Obtained An Exceptional Result for the Class**

13 The exceptional result achieved warrants the requested fee.  "The overall result and
14 benefit to the class from the litigation is the most critical factor in granting a fee award."  In re
15 Heritage Bond Litig., No. 02-ML-1475-DT, 2005 WL 1594389, at *8-9 (C.D. Cal. June 10,
16 2005); see also Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  Here, the recovery of
17 $3,500,000 from Defendants exceeds fifty percent (50%) of the damages estimate determined by
18 Plaintiffs' expert.  [See, e.g., In re LDK Solar Sec. Litig., C 07-05182 WHA, 2010 WL 598361
19 (N.D. Cal. Feb. 17, 2010) (approved $16 million settlement with estimated damages of $293
20 million, or 5.5%); In re Critical Path, Inc., C 01-00551 WHA, 2002 WL 32627559 (N.D. Cal.
21 June 18, 2002) (approved settlement of 8.75% of estimated damages); In re Omnivision
22 Technologies, Inc., 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (finding that a recovery of 9%
23 of possible damages was "a substantial achievement on behalf of the class").]

24 As set forth in the Blecher Declaration, Class Counsel are nationally known leaders in
25 class action and complex business litigation.  Class Counsel at all times engaged in a concerted
26 effort to obtain the maximum recovery for the Class.  The quality of the representation provided
27 by Class Counsel is reflected in their success in ultimately positioning the case to negotiate a
28 reasonable settlement with Defendants.  In evaluating the quality of Class Counsel's work, the

caliber of opposing counsel is also pertinent. See In re The Mills Corp. Sec. Litig., No. 06-cv-0007, 2009 WL 5091931, at *17 (E.D. Va. Dec. 23, 2009) (citing In Re Warner Commc'ns Sec. Litig., 618 F. Supp. 735, 749 (S.D.N.Y.1985) ("quality of opposing counsel is a factor to be considered in evaluating Lead Counsel's performance")). Defendants in this case were represented by attorneys from highly respected law firms who, zealously litigated all aspects of this case. Thus, Class Counsel's request for an attorneys' fee award of 25% of the common fund is appropriate considering these factors.

### 2.   Absence of Objections by Class Members to the Fee Requested

On behalf of the putative class Walter Beach and the other named Plaintiffs signed a fee agreement acknowledging that Class Counsel would seek a portion of any recovery for costs and fees. Additionally, in the Notice of Class Action Settlement, Class Counsel informed each recipient of Class Counsel's intent to seek litigation costs and a fee award of 25% of the settlement fund. ("Class Counsel will apply to the Court for an award from the Settlement Fund of litigation and settlement expenses incurred on behalf of the Class and attorneys' fees of up to 25% of the Settlement Fund"). Blecher Decl. ¶ 27.

The reaction of Class Members to Counsel's fee request is another consideration in determining an appropriate fee. Omnivision Tech., Inc., 559 F. Supp. 2d at 1048. The deadline for Class members to object to the request for a 25% fee is April 15, 2013. Plaintiffs are to respond to any objections by April 29, 2013. To date, Class Counsel is not aware of any objections filed with the Court by any Class Member to the fee request.

### 3.   Class Counsel Assumed Enormous Risks Undertaking This Case Because of the Difficulty of the Questions Involved and the Considerable Risk of Nonpayment for Services Rendered

First, this case is inherently complex because it involves claims of malpractice arising out of a litigated-to-trial class action case. Legal malpractice is a demanding and frequently changing area of the law, particularly where, as here, the causation element of Plaintiffs' case requires the trial of a "case within a case." In short, the complexity of the legal claims Plaintiffs assert, which would necessitate retrying the underlying Adderley Action weighs heavily in the

1  settlement of this action.  Even if the Court's order dismissing this case was reversed by the
2  Ninth Circuit, litigating this case through trial would be a long and difficult process requiring
3  substantial expenditures of time and money by both the Court and the parties.  Moreover, this
4  case was resolved prior to a decision by the Ninth Circuit Court of Appeals.  The proposed
5  settlement provides the Class with a certain and timely recovery and protects Plaintiffs against
6  the real possibility of no recovery at all if (1) the dismissal of this case was affirmed by the Ninth
7  Circuit, (2) Plaintiffs lost on summary judgment, and (3) this case proceeds to trial – and lost all
8  significant "ifs" that currently remain unresolved.

9  Since the settlement was consummated and the settlement funds escrowed, the Second
10 Circuit Court of Appeals decided the case of Wyly v. Weiss,  697 F.3d 131 (2d Cir. 2012).  The
11 Wyly decision could affect the Ninth Circuit in evaluating this case and the pending appeal.  If
12 the dismissal of this case were to be reversed by the Ninth Circuit, Defendants would likely
13 address the Wyly decision with the Court at every turn in pursuit of alternative grounds to have
14 this Court dismiss this action again.

15 In light of the foregoing, recovery of $3,500,000 in cash for the Class is a remarkable
16 result.  And the 25% fee requested is the benchmark established in controlling Ninth Circuit case
17 law in class action contingent fee matters of this type.  Class Counsel's request for 25% of the
18 Net Common Fund is consistent with Ninth Circuit authority.  Vizcaino, 290 F.3d at 1043.

19 Second, numerous cases have recognized that risk is an important factor in determining a
20 fair fee award.  E.g., WPPSS, 19 F.3d at 1299-1301.  In that regard, very significant obstacles
21 existed from the outset of this case to any recovery being obtained from Defendants.  Uncertainty
22 that an ultimate recovery would be obtained is highly relevant in determining risk.  Id.  As set
23 forth in the Blecher Declaration, it is far from certain that any recovery for the Class would be
24 obtained from Defendants.  The most significant legal issue presented was whether a claim of
25 malpractice can be maintained in a class action after a court had approved a settlement and
26 awarded fees to class counsel in the underlying action.  The recently decided Wyly decision
27 compounds this uncertainly and would likely subject Plaintiffs' claims to further attack, even if
28 the Ninth Circuit were to reverse.

1    A determination of fair compensation must also include consideration of the contingent
2  nature of the fee arrangement.  Class action litigation is inherently uncertain.  In numerous
3  lawsuits, plaintiffs' counsel have engaged in hard-fought litigation, but received no
4  compensation due to newly discovered facts, developments in the law, or an unexpected decision
5  by a judge or jury.  Despite their excellent professional abilities, plaintiff's counsel may remain
6  uncompensated.  See, e.g., In re JDS Uniphase Corp. Sec. Litig., No. C 02-148, (N.D. Cal. Nov.
7  27, 2007) (jury verdict for defendants following lengthy trial); In re Apollo Group, Inc. Sec.
8  Litig., No. CV 04-2147, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008) ($277 million
9  jury verdict overturned on a motion for judgment as a matter of law based on insufficient
10 evidence of loss causation). Indeed, "[s]uccess is never guaranteed and counsel faced serious
11 risks since both trial and judicial review are unpredictable.

12    "Counsel advanced all of the costs of litigation, a significant amount, and bore the
13 additional risk of unsuccessful prosecution."  In re Prudential-Bache Energy Income P'ships Sec.
14 Litig., No. 888, 1994 WL 202394, at *6  (E.D. La. May 18, 1994); see also Sutton v. Bernard,
15 504 F.3d 688, 694 (7th Cir. 2007) ("[b]ecause the district court failed to provide for the risk of
16 loss, the possibility exists that Counsel, whose only source of a fee was a contingent one, was
17 undercompensated," reversing fee award); Anixter v. Home-Stake Prod. Co., 77 F.3d 1215 (10th
18 Cir. 1996) (in a case filed in 1973 and tried in 1988, jury verdict for plaintiffs was overturned
19 based on a 1994 Supreme Court opinion); Backman v. Polaroid Corp., 910 F.2d 10 (1st Cir.
20 1990) (reversing jury verdict and dismissing case after 11 years of litigation); Robbins v.
21 KogerProps. Inc., 116 F.3d 1441 (11th Cir. 1997) (reversing $81 million jury verdict on loss
22 causation grounds after 19-day trial); Ward v. Succession of Freeman, 854 F.2d 780 (5th Cir.
23 1988) (reversing plaintiffs' jury verdict).

24    Class Counsel have received no compensation for the time and resources devoted to this
25 case since their efforts commenced in March 2010.  They undertook the action on a fully
26 contingent fee basis, recognizing the possibility that there might be no recovery, thereby
27 potentially leaving Class Counsel uncompensated for substantial work and out-of-pocket costs.
28 These factors militate in favor of granting the requested fee.

### 4. Class Counsels' Requested Fee Falls Well-Within the Range for Cases of This Type

Class Counsels' fee is reasonable in light of the complexity of this case and the quality of the legal services provided by counsel. Class Counsels' fees ranged from $300 to $750/hour and $200 to $230 for paralegals. Blecher Decl. ¶ 6. This is in line, or considerably less than other firms who litigate complex matters such as this one. See Blecher Decl. ¶ 109 Exhibit H (stating fee ranges of other well-respected law firms specializing in complex business litigation).

### 5. Class Counsel Faced a Heavy Burden Litigating This Case Through a Large Expenditure of Time and Labor

The amount requested is supported by the number of hours spent litigating this action and the enormous risks attendant to bringing and pursuing this litigation to a successful conclusion. As noted, this case involved uniquely complex legal and factual issues, which presented a very significant risk that Plaintiffs would obtain no recovery at all.

For the reasons set forth herein, and in the Blecher Declaration, Class Counsel respectfully submit that the requested attorneys' fees and the expenses for which reimbursement is sought are fair and reasonable under the applicable legal standards. In light of the significant risks faced, the effort made, and the result achieved, the requested fee should be awarded by this Court.

The lodestar in this case would need to be multiplied by a factor of 1.49 to arrive at the 25% of the common fund figure awarded. Class Counsel should not be penalized for settling a case early[3] particularly where, as here, the class members received an extraordinary benefit:

> We do not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly; in many instances, it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief. The lodestar method is merely a cross-check on the reasonableness of a percentage figure, and it is widely recognized that the lodestar

---

[3] There is a public policy encouraging settlement of class actions because they "consume substantial judicial resources and present unusually large risks for the litigants." In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 805 (3d Cir. 1995); see also Franklin v. Kaypro Corp., 884 F.2d 1222, 1229 (9th Cir. 1989).

> method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement.

Vizcaino, 290 F.3d at 1050 n.5 (citing Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768, 773-74 (11th Cir. 1991)).[4]

Class Counsel acted in good faith in resolving this case at an appropriate stage. Class Counsel aggressively pursued this case as recognized by the Court in the January 31, 2013 Order: "Counsel and the named plaintiffs have thus far doggedly prosecuted an action on behalf of the class, including pursuing an appeal from an order dismissing the complaint."

There is ample support for an attorneys' fee in the range preliminarily (1.49 multiplier) sought herein, and in some of those cases cited below the level of risk, efforts, creativity, and results achieved were far less than here. See, e.g., Cosgrove v. Sullivan, 759 F. Supp. 166, 167 n.1, 169 (S.D.N.Y. 1991) (8.74 multiplier); In re RJR Nabisco, Inc. Securities Litigation, MDL No. 818, 1992 WL 210138, at *5 (S.D.N.Y. Aug. 24, 1992) (6 multiplier) (Exhibit 2 to Appendix attached hereto); In re Rite Aid Corp. Securities Litigation, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (multiplier of up to 8.5 which court described as "handsome" but "unquestionably reasonable"); Weiss v. Mercedes-Benz of North America, Inc., 899 F. Supp. 1297, 1304 (D.N.J.)

---

[4] The Camden court quoted the Supreme Court's language in Blum, where it sets forth the distinction between common fund cases and statutory fee cases: "'Unlike the calculation of attorney's fees under the "common fund doctrine," where a reasonable fee is based on a percentage of the fund bestowed on the class, a reasonable fee under [42 U.S.C.] § 1988 reflects the amount of attorney time reasonably expended on the litigation.' [465 U.S.] at 900 n.16, 104 S. Ct. at 1550 n.16." 946 F.2d at 773.

The Camden court's opinion also relied heavily on the Report of the Third Circuit Task Force: Court Awarded Attorney Fees, 108 F.R.D. 237 (1985) ("Task Force Report"). 946 F.2d at 773-74. The Camden court articulated: "Considering the great distinctions between the policies and rationale supporting common fund fee awards versus statutory fee awards, distinctions acknowledged in Blum, and recognizing that the lodestar approach may have been applied improperly to common fund cases, the Third Circuit commissioned its task force to study the problems of court-awarded attorneys' fees and to develop recommendations. . . . After reviewing Blum, the Task Force Report, and the foregoing cases from other circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class. The lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards." Id.

1  (9.3 multiplier), aff'd, 66 F.3d 314 (3d Cir. 1995); In re Merry-Go-Round Enterprises, Inc., 244

2  B.R. 327 (Bankr. D. Md. 2000) (19.6 multiplier).  As articulated in Vizcaino, multipliers are

3  "routinely" used to enhance the lodestar in common fund cases.  290 F.3d at 1051.  The

4  legitimate purpose of a fee multiplier is to compensate class counsel for undertaking the risk of

5  working on a contingent fee basis, the delay in recovering the fee (in this case three years), the

6  skill displayed by counsel in litigating or settling the case, the novelty and complexity of the

7  issues, and the importance of the litigation to the class and the public.  Multipliers reward

8  attorneys by paying them a premium over their normal hourly rates for taking the risk of winning

9  or successfully settling contingency cases.  Id.

10  As detailed above and in the Blecher Declaration, Class Counsel have dedicated

11  substantial time, skill, and resources to this action, and have produced an excellent result so that

12  granting a 25% fee award from the common fund is appropriate.

13  **III.  REIMBURSEMENT FOR LITIGATION COSTS IS WARRANTED**

14  Class Counsel also request reimbursement of costs they have incurred in connection with

15  the prosecution and settlement of this litigation. Class Counsel has incurred costs of $50,519.

16  Blecher Decl. ¶¶ 111-17 Ex. H.  Class Counsel anticipates an additional $60,000 in costs from

17  the Class Action Administrator.  Id. ¶ 17.

18  In a common fund case such as this, costs are recoverable if they are typical of those

19  ordinarily billed to paying clients.  Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris

20  may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would

21  normally be charged to a fee paying client.'") (citation omitted); see also Abrams v. Lightolier

22  Inc., 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for

23  them); Miltland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys

24  may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to

25  their clients, as long as they 'were incidental and necessary to the representation' of those

26  clients.") (citation omitted); TBK Partners, Ltd. v. Warshow, No. 77 Civ. 972, 1977 U.S. Dist.

27  LEXIS 13597, at *8 (S.D.N.Y. Oct. 6, 1977) (noting that "of course, [plaintiffs' counsel] are also

28  entitled to reimbursement for their expenses").

Here, the costs for which Class Counsel seeks recovery are the type of expenses routinely charged to hourly clients. They include costs of experts, legal research services (such as LEXIS and Westlaw), transcripts, photocopying, travel, filing fees, postage and overnight delivery.

## IV.     CONCLUSION

For all of the foregoing reasons, Class Counsel respectfully request that the Court: (1) award Class Counsel attorneys' fees of $850,000, which equals 25% of the $3,500,000 recovery; and (2) reimburse Class Counsel $50,240.61 in costs that were necessarily incurred to achieve the recovery in this action and reserve at least $50,000 for costs related to the Class Action Administrator.

Dated:  March 1, 2013                    BLECHER & COLLINS, P.C.


By:     /s/ Maxwell M. Blecher
       Maxwell M. Blecher
Attorneys for Plaintiffs and The Class

55217.1