United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD PARRISH, *et al.*

    Plaintiffs,

v.

MANATT PHELPS & PHILLIPS, LLP and MCCOOL SMITH, PC,

    Defendants.

No. C 10-03200 WHA

**REQUEST FOR ADDITIONAL BRIEFING AND ORDER RE CERTAIN RECIPIENTS**

Class counsel's status update has been received and reviewed. Before the settlement administration can be closed and the balance of legal fees can be paid to counsel, the Court orders as follows:

**1. CLASS MEMBERS WHOSE CHECKS ARE UNDELIVERABLE.**

Class counsel identify 29 class members as persons whose settlement checks could not be delivered due to a variety of reasons (Blecher Decl., Exh. A). Class counsel shall search for the most current addresses of these members by using the National Change of Address database (NCOALink), which is administered by the United States Postal Service and licensed to third-party service providers. Once the most current addresses are identified, counsel shall promptly send those individuals their settlement checks with a notice giving the recipients 30 days to cash their checks.

**2. CLASS MEMBERS WHOSE CHECKS WERE UNCASHED.**

Class counsel identify 42 class members as persons who failed to timely cash their settlement checks (Blecher Decl., Exh. B). In the status update, class counsel state that they sent letters "to the Class Member or relative at the last address Class Counsel was able to determine was valid." Class counsel shall clarify whether the letters were actually delivered or returned as undeliverable. In addition, class counsel shall clarify what steps they have taken to ensure that the envelopes and letters sent out to class members were not accidentally discarded as junk mail, such as if the letters indicated that the settlement distribution was approved by the United States District Court.

**3. TOMMY KANE.**

Class counsels' request to disburse Tommy Kane's share of the settlement funds to Mrs. Ava Shaikh in her capacity as legal guardian of Mr. Kane's children is **GRANTED**. Class counsel shall file a notice with the proper court that the distribution was made to partially satisfy the $590,000.00 plus interest judgment against Mr. Kane.

**4. EMMETT BARRETT, JAY HILGENBERG, RON HOLMES AND JIM MANDICH.**

Class counsel state that Jay Hilgenberg, Emmett Barrett's widow, Jim Mandich's widow, and Ron Holmes' son have all failed to send the proper documentation or failed to cash their settlement checks after contacting class counsel about the settlement. Class counsel shall telephone these parties one more time to determine whether a disbursement can be made and finalized. Please report back on each response.

**5. CLASS MEMBERS WHO DECLINED SETTLEMENT FUNDS AND REMAINING FUNDS.**

Five class members or their successors have either declined to accept their settlement disbursement or declined to provide documentation to authenticate their right to the settlement funds (as successors to a deceased class member). According to counsel, the daughter of one deceased class member, Lynn Mills, additionally requested that her distribution be donated to a worthy charity approved by the Court (Blecher Decl. ¶ 19). Class counsel shall submit three worthy *cy pres* organizations that principally further the interests of the class in the instant action. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039–41 (9th Cir. 2011). The Court

recognizes that counsel have proposed the Center for Traumatic Encephalopathy at the Boston University Medical School as one potential recipient. Once all possible distributions are made to the remaining unpaid class members, the Court will select an organization to receive the *cy pres* distribution.

**6. DECEASED CLASS MEMBERS.**

Class counsel identify 26 class members as deceased (Blecher Decl., Exhs. A & B). For the benefit of developing a full record, class counsel shall file a list of all deceased class members' known next of kin and their mailing addresses. If class counsel are unable to secure authentication of an individual's claim as next of kin or successor to a deceased class member, they should indicate so on the list.

Please file a status update and response to this order, not to exceed ten pages, by **NOON ON FRIDAY, AUGUST 22**.

**IT IS SO ORDERED.**

Dated: August 19, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3